[Cite as *State v. Hoop*, 2013-Ohio-3078.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2012-10-019 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>7/15/2013 |
| - vs - | : | |
| | : | |
| JOY MAJOR HOOP, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. 97-2065

Paul L. Scarsella, Special Assistant Brown County Prosecutor, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for plaintiff-appellee

Dennis W. McNamara, 88 East Broad Street, Suite 1350, Columbus, Ohio 43215, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Joy Major Hoop, appeals the decision of the Brown County Court of Common Pleas denying her second motion for a new trial. For the reasons outlined below, we affirm the decision of the trial court.

{¶ 2} Hoop was convicted in 1998 of conspiracy and complicity in the aggravated murder of her husband, Donald Ray Hoop. The pertinent facts and procedural history of this

matter were recently discussed at length in *State v. Hoop*, 12th Dist. No. CA2011-07-015, 2012-Ohio-992, wherein this court denied her first motion for a new trial. Suffice it to say, although her conviction was affirmed on appeal, *see State v. Hoop*, 134 Ohio App.3d 627 (12th Dist.1999) and *State v. Hoop*, 12th Dist. No. CA2000-11-034, 2001 WL 877296 (Aug. 6, 2001), Hoop continues to advocate her innocence despite the abundance of evidence directly implicating her in the murder-for-hire scheme.

{¶ 3} To that end, Hoop has filed a second motion for a new trial alleging she has now discovered the identity of the individual who provided Carl Lindsey, the gunman, with the weapon he used to commit the murder.[1] The trial court, however, denied the motion finding this alleged newly discovered evidence was cumulative and served only to impeach the evidence previously introduced at her trial. The trial court also determined that the evidence did not provide a strong probability of a different outcome or changed result if a new trial was granted.

{¶ 4} Hoop now appeals from the trial court's decision denying her second motion for a new trial, raising two assignments of error for review. For ease of discussion, we will address Hoop's two assignments of error together.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED WHEN IT OVERRULED MS. HOOP'S MOTION FOR A NEW TRIAL.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ERRED WHEN IT OVERRULED MS. HOOP'S MOTION FOR A NEW TRIAL WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

---

1. On appeal, the Ohio Supreme Court affirmed Lindsey's convictions and death sentence. *See State v. Lindsey*, 87 Ohio St.3d 479 (2000). The United States Supreme Court subsequently denied Lindsey's petition for a writ of certiorari. *See Lindsey v. Ohio*, 531 U.S. 838, 121 S.Ct. 99 (2000).

{¶ 9} In her two assignments of error, Hoop argues that the trial court erred in its decision overruling her second motion for a new trial, or, at the very least, erred by denying the motion without first conducting an evidentiary hearing. We disagree.

{¶ 10} Crim.R. 33 motions for a new trial are not to be granted lightly. *State v. Thornton*, 12th Dist. No. CA2012-09-063, 2013-Ohio-2394, ¶ 21, citing *City of Toledo v. Stuart*, 11 Ohio App.3d 292, 293 (6th Dist.1983). In order to prevail on a motion for a new trial based upon newly discovered evidence, such as the case here, the defendant must establish that the evidence:

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505 (1947), syllabus.

{¶ 11} The decision to grant or deny a motion for a new trial pursuant to Crim.R. 33 rests within the sound discretion of the trial court. *State v. Schiebel*, 55 Ohio St.3d 71, 76 (1990); *State v. Blankenship*, 102 Ohio App.3d 534, 556 (12th Dist.1995). Rather than a mere error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 30.

{¶ 12} Although presenting a number of issues, as the trial court correctly noted, Hoop's latest request for a new trial is premised exclusively upon the testimony of Lawrence Handorf, an investigator appointed on Lindsey's behalf, whose deposition was conducted as part of Hoop's federal habeas corpus case in *Hoop v. Andrews*, S.D.Ohio No. 1:06-CV-603. Based on this testimony, Hoop claims that "it is now clear that [she] did not own, possess, or provide the murder weapon to Lindsey." However, we agree with the trial court's finding that this evidence serves as nothing more than (1) cumulative evidence that yet another witness

says she did not provide the gun to Lindsey, which (2) merely further impeaches the evidence previously introduced at trial that she did. It is well-established that this is an insufficient basis upon which to grant a new trial.

{¶ 13} Furthermore, whether Hoop actually provided the gun to Lindsey is not material to her conviction in the murder-for-hire scheme, nor is there a strong probability that this evidence would change the outcome if a new trial were granted. As this court has previously stated, the state's theory of the case was that Hoop was involved in the planning of her husband's murder. In turn, whether Hoop actually provided Lindsey with the gun used in her husband's killing was not a dispositive factor in determining her guilt.[2] This is particularly true when considering the other evidence indicating Hoop was overheard conversing with Lindsey about having her husband killed the night of his murder, a fact which she subsequently admitted to police, and the fact that she later admitted to Thomas Merriman, an associate of Lindsey, to paying Lindsey to kill her husband. Therefore, although this evidence may have been beneficial to Hoop, it was not material to her defense.

{¶ 14} Moreover, after a thorough review of the record, the evidence does not provide for a strong probability that the outcome would change even if a new trial were granted. *See, e.g.*, *State v. Widmer*, 12th Dist. No. CA2012-02-008, 2013-Ohio-62, ¶ 172 (finding no abuse of discretion in trial court's decision denying appellant's motion for new trial where allegedly newly discovered evidence was not material and there was no strong probability that the evidence would change the outcome regarding where evidence presented indicated he killed his wife); *State v. Barton*, 12th Dist. No. CA2005-03-036, 2007-Ohio-1099, ¶ 30-36 (same). Again, Hoop was overheard conversing with Lindsey about having her husband killed the

---

2. We are aware that a magistrate in Hoop's federal habeas corpus case concluded that evidence that the murder weapon was furnished to Lindsey by someone other than Hoop "would have been material at trial." *See Hoop v. Warder Ohio Reformatory for Women*, S.D.Ohio No. 1:06-CV-603, 2008 WL 2622989, *3 (June 30, 2008.) However, that case, which has since been held in abeyance, dealt with the issue of whether Hoop was entitled to discovery as a habeas petitioner, not whether she was entitled to a new trial under Crim.R. 33.

night of his murder, and later admitted her involvement in the murder-for-hire scheme to one of Lindsey's associates. Accordingly, based on the facts of this case, the trial court did not abuse its discretion in denying Hoop's second motion for a new trial, nor in failing to conduct an evidentiary hearing regarding the same. Hoop's two assignments of error are overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.