[Cite as *Fairfield v. Spradlin*, 2017-Ohio-876.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO/CITY OF FAIRFIELD, | : | |
| | | CASE NOS. CA2016-05-102 |
| Plaintiff-Appellee, | : | CA2016-06-110 |
| | | CA2016-06-111 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 3/13/2017 |
| GERALD L. SPRADLIN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case Nos. 2015 CRB 2302 and 2015 CRB 2305


Steven J. Wolterman, Fairfield City Prosecutor, 530 Wessel Drive, Suite 2-A, Fairfield, Ohio 45014, for plaintiff-appellee

Rubenstein & Thurman, L.P.A., Scott A. Rubenstein, 125 East Court Street, Suite 1000, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Gerald Spradlin, appeals the decision of the Fairfield Municipal Court denying his motion for a new trial following his conviction for disorderly conduct. For the reasons detailed below, we affirm.

{¶ 2} Mary Holland ("Mother") gave birth to her son on October 9, 2015 at Mercy Hospital in Fairfield, Ohio. The putative father of the newborn child is appellant's son, Noah Spradlin. While Noah and Mother were no longer in a relationship, the record reflects that

there was some communication between Mother and Noah's family throughout the pregnancy.

{¶ 3}   While Noah was not present for the child's birth, Mother invited appellant to the hospital to see his grandson the following day.  When appellant arrived, the hospital room was occupied by Mother, Mother's new boyfriend ("Boyfriend"), the maternal grandmother, and Boyfriend's mother.

{¶ 4}   The parties dispute the nature of the altercation, however, the testimony reflects that when appellant entered Mother's hospital room, he kissed his grandson and whispered to the baby "this will all be over soon" or "things will be better soon."  After kissing the child, appellant then lashed out at the other occupants of the room, while raising unsubstantiated allegations of abuse, referring to the family as "white trash," and threatening Mother's new boyfriend with "lay a hand on him [the newborn child], I'll kill ya."  Appellant also took off his glasses and challenged Boyfriend to "come outside."  The occupants of the room alerted hospital security of this alarming behavior and appellant left the hospital.

{¶ 5}   Appellant was charged with disorderly conduct in violation of Fairfield Codified Ordinance 509.03 and the matter was tried to the bench.  The state presented the testimony of those present during the altercation and appellant's trial counsel vigorously cross-examined the witnesses, challenging the veracity of their testimonies.  Following the close of evidence, the trial court found appellant guilty.

{¶ 6}   Approximately two weeks later, appellant moved for a new trial, alleging that the state's witnesses had been untruthful in their testimonies.  For the first time, appellant stated that he had recorded the entire altercation surreptitiously on an audio recording device that was on his person in the hospital room.  Appellant attempted to introduce the audio recording to show that portions of testimony from the state's witnesses had been inaccurate and therefore he should be entitled to a new trial on the merits.  The trial court denied appellant's

motion for a new trial. Appellant now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING DEFENDANT'S MOTION FOR NEW TRIAL.

{¶ 8} In his sole assignment of error, appellant argues the trial court erred by denying his motion for a new trial. We disagree.

{¶ 9} "Crim.R. 33 motions for a new trial are not to be granted lightly." *State v. Knecht*, 12th Dist. Warren No. CA2015-04-037, 2015-Ohio-4316, ¶ 33. The decision to grant or deny a motion for a new trial pursuant to Crim.R. 33 rests within the sound discretion of the trial court. *State v. Hoop*, 12th Dist. Brown No. CA2012-10-019, 2013-Ohio-3078, ¶ 11. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 10} Appellant argues that he should be granted a new trial pursuant to Crim.R. 33(A)(2), which states that a new trial may be granted when the prosecuting attorney or witnesses for the state engaged in misconduct that materially affected the defendant's substantial rights. This inquiry consists of a two-step determination. *State v. Litton*, 12th Dist. Preble No. CA2016-04-005, 2016-Ohio-7913, ¶ 18. "The first determination is whether misconduct actually occurred, and the second is whether that misconduct materially prejudiced the defendant's substantial rights." *Id.* Misconduct will generally not be grounds for reversal unless the misconduct is so pervasive as to deprive the defendant of a fair trial. *State v. Chambers*, 12th Dist. Butler No. CA2006-07-178, 2007-Ohio-4732, ¶ 39.

{¶ 11} Based on a review of the record, we find the trial court did not err by denying appellant's motion for a new trial. Appellant fails on both steps of the Crim.R. 33 inquiry. First, while there is some inconsistency in the testimonies or recollections of some of the

witnesses at trial, those inconsistencies do not rise to the level of "misconduct." Appellant's position on this matter is questionable, as the audio recording very much corroborates the witnesses' testimonies. Namely, appellant entered Mother's hospital room, kissed the child, mumbled something under his breath and then initiated a verbal tirade of threats and insults on the room's occupants, while threatening to kill Mother's boyfriend if he ever laid a hand on the child. It is unclear why appellant believes this audio recording shows that the witnesses committed "perjury." While there is some difference between the witness testimonies and the audio heard on the recording, those differences would not amount to perjury. For example, while the witnesses testified that appellant used the "F word," the audio device did not capture that language. Whether that difference was the result of muffled audio, bad memory recollection, or simple confusion during appellant's sudden outburst, we are unwilling to say that the witnesses committed any such misconduct when the audio recording otherwise corroborates their accounts. Appellant's actions, as an invited guest in a hospital, demonstrate a startling inability to control himself and those actions meet the requirements of disorderly conduct as defined in the Fairfield ordinance.[1]

{¶ 12} Next, even if some of the inconsistencies raised to the level of misconduct, which they did not, we would still find that appellant failed to show prejudice. Here, appellant had sole access to this audio recording, but chose not to present it at trial. As the audio

---

1. {¶ a} Fairfield Codified Ordinance 509.03 states:

{¶ b} (a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:

{¶ c} (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

{¶ d} (2) Making unreasonable noise or offensively coarse utterance, gesture or display, or communicating unwarranted and grossly abusive language to any person, which by its very utterance or usage inflicts injury or tends to incite an immediate breach of the peace;

{¶ e} * * *

recording generally corroborated the witness accounts of the incident, the decision not to introduce the recording was likely the result of trial strategy. Crim.R. 33 is not a vehicle for a criminal defendant to utilize a different trial strategy when the original proves unsuccessful. Accordingly, we find the trial court did not err by denying appellant's motion for a new trial.

{¶ 13} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.