OPINION
{¶ 1} Defendant-appellant, Diana Jean Linz, appeals her 14-year prison sentence imposed by the Clermont County Court of Common Pleas after she was convicted of aggravated vehicular homicide and two counts of vehicular assault.[1] *Page 2 
 {¶ 2} The three felony charges were filed in this case after it was alleged that appellant, operating a vehicle while under a license suspension, recklessly caused a death and serious injuries when she failed to stop at a stop sign and struck another vehicle. The collision killed a 23-month-old child and seriously injured the child's mother and another adult in the other vehicle.
 {¶ 3} Appellant pled guilty to all three charged offenses. The trial court imposed a maximum term of eight years for the aggravated vehicular homicide charge and two three-year terms each for the vehicular assault charges with all terms to run consecutively to each other.
 {¶ 4} Appellant now appeals her sentence, presenting two assignments of error for our review.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF IMPRISONMENT OF EIGHT (8) YEARS ON COUNT ONE, AGGRAVATED VEHICULAR HOMOCIDE [SIC]."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS AS THE RECORD DOES NOT SUPPORT SUCH A SENTENCE."
 {¶ 9} This court addresses a felony sentencing appeal of this nature by engaging in the two-part appellate review discussed in the Ohio Supreme Court decision of State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912. *Page 3 
 {¶ 10} In reviewing a felony sentence, an appellate court must ensure that the trial court adhered to all applicable rules and statutes in imposing the sentence. Kalish at ¶ 14. "As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." Id.
 {¶ 11} Assuming the trial court complied with the applicable rules and statutes, "the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion" pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Kalish at ¶ 17.
 {¶ 12} Appellant contends under the first assignment of error that the maximum sentence for the aggravated vehicular homicide offense was excessive and not consistent with the overriding purposes of felony sentencing.
 {¶ 13} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, and to punish the offender; to achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim, public, or both. R.C. 2929.11.
 {¶ 14} R.C. 2929.12 states that the trial court has discretion to determine the most effective way to comply with the principles set forth in R.C. 2929.11, and in exercising that discretion, the trial court shall consider the seriousness and recidivism factors of R.C. 2929.12
and any other factors that are relevant to achieving the purposes and principles of sentencing.
 {¶ 15} The two sentencing statutes of R.C. 2929.11 and 2929.12 serve as an *Page 4 
"overarching guide" for trial judges to consider in fashioning an appropriate sentence. Kalish at ¶ 17. Where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes. Kalish at fn. 4. In considering these statutes in light ofFoster, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing scheme. Id. at ¶ 17.
 {¶ 16} The aggravated vehicular homicide subdivision at issue in this case required the imposition of a mandatory prison term. See R.C. 2903.06(A)(2); R.C. 2903.06(B)(1) and (3); R.C. 2903.06(E).
 {¶ 17} In addition, R.C. 2929.14(A) states that a trial court imposing a prison term for a felony of the second degree shall impose a definite prison term of two, three, four, five, six, seven, or eight years. Therefore, appellant's sentence of eight years for the aggravated vehicular homicide count was within the statutory range.[2]
 {¶ 18} The record indicates the trial court reviewed the presentence investigation report that included appellant's history of criminal and traffic offenses. The trial court also received additional information relevant to its consideration of the sentencing factors from R.C. 2929.11 and R.C. 2929.12, including letters on behalf of the victims or appellant, and statements about the estimated speed of appellant's vehicle and appellant's conduct before and after the collision.
 {¶ 19} After reviewing the record, we reject appellant's argument that the maximum prison term for the aggravated vehicular homicide charge was excessive or contrary to the purposes and principles of sentencing. Appellant's first assignment of *Page 5 
error is overruled.
 {¶ 20} Appellant argues under the second assignment of error that the record does not support the imposition of consecutive sentences. Based upon the record as previously discussed, we find appellant's arguments not well taken. The trial court had the discretion and inherent authority to determine whether a prison term within the statutory range should run consecutively or concurrently. See State v. Bates,118 Ohio St.3d 174, 2008-Ohio-1983, ¶ 19; see Foster, 2006-Ohio-856, paragraph seven of syllabus.
 {¶ 21} We find no error by the trial court as it complied with the applicable rules and statutes, and sentenced on all counts within the appropriate statutory range. Further, the trial court did not abuse its discretion in the sentences it imposed in this case. Appellant's first and second assignments of error are overruled.
 {¶ 22} Judgment affirmed.
Bressler, P.J., and Young, J., concur.
[1] Based upon the listing of subdivision (A)(2) of R.C. 2903.08 in the body of the indictment and the indictment language alleging that appellant while operating a motor vehicle caused serious physical injury to another recklessly while under license suspension, and based upon the level of the offense in the indictment, plea, and sentence, appellant was convicted of and sentenced for two counts of vehicular assault under R.C. 2903.08(A)(2).
[2] The three-year prison term imposed for each of the two vehicular assault counts was also within the statutory range as R.C. 2929.14(A) designates that a trial court imposing a prison term for a third-degree felony shall impose a definite prison term of one, two, three, four, or five years.