[Cite as *State v. Ledford*, 2017-Ohio-149.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                                   :

      Plaintiff-Appellant,              :

                         :

   - vs -                                          :

                         :

JASMINE LEDFORD,                           :

      Defendant-Appellee.            :

CASE NO. CA2016-04-021

O P I N I O N
1/17/2017


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014 CR 0259


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellant

W. Stephen Haynes and Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellee


    **S. POWELL, P.J.**

    {¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the decision of the Clermont County Court of Common Pleas granting judicial release to defendant-appellee, Jasmine Ledford. For the reasons outlined below, we affirm.

    {¶ 2} On May 1, 2014, the Clermont County Grand Jury returned a 17-count indictment charging Ledford with attempted aggravated murder, attempted murder, six counts

of aggravated robbery, six counts of felonious assault, two counts of aggravated burglary, and tampering with evidence. The charges stemmed from her involvement with a home-invasion, robbery, and assault of three unsuspecting individuals, one of whom Ledford knew to be a drug dealer. At the time of the offense, Ledford was just 21 years old.

{¶ 3} On July 30, 2014, Ledford entered into a plea agreement and pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony. In exchange for her guilty plea, all other charges against Ledford were dismissed.

{¶ 4} On May 26, 2015, the trial court held a sentencing hearing. At that hearing, Ledford's trial counsel provided comprehensive mitigating evidence that included reference to Ledford's young age, her minimal prior criminal history, her expressed remorse for her conduct, her lengthy incarceration prior to her sentencing hearing, and her substantial mental health issues. Nevertheless, upon finding Ledford's conduct to be "more serious than a typical case of this nature in that you knew the victim," the trial court sentenced Ledford to serve four years in prison. The trial court also ordered Ledford to pay court costs and $2,639 in restitution.

{¶ 5} On December 8, 2015, after serving approximately six months in prison, Ledford filed a motion for judicial release. Several months later, on March 22, 2016, the trial court held a hearing on Ledford's motion. At that hearing, the parties each presented evidence in support of their respective positions. This included evidence that Ledford had then been incarcerated for over two years, that she was not the prime defendant or main offender of the crime, that she cooperated with the state in the prosecution of her co-defendants, that she had been receiving treatment for her substantial mental health issues, and that her mother and step-father had agreed to take her in and ensure that she receives that treatment. The trial court also heard evidence that Ledford had taken steps to obtain her GED and to get a job in order to pay her court costs and court-ordered restitution.

{¶ 6} After hearing this evidence, the trial court entered a decision granting Ledford's motion for judicial release. As part of this decision, although acknowledging that it had previously determined that Ledford's conduct was "more serious" at her sentencing hearing, the trial court now found Ledford's release from prison and placement on community control would not demean the seriousness of the offense because "factors indicating [her] conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that [her] conduct was more serious than conduct normally constituting the offense."

{¶ 7} In support of this decision, the trial court determined that Ledford "did not cause or expect to cause any physical harm to any person or property" in the commission of the offense and further noted Ledford's "numerous" mental health issues. The trial court also noted that Ledford was "not the prime defendant in this case," nor the "main offender." Concluding, the trial court stated its belief that "the additional service of two years in prison followed by judicial – or post-release control that this Court can and will exercise more control, more supervision over the Defendant than the State prison system or the Adult Parole Authority." The trial court then ordered Ledford be subject to five years of community control in an intensive treatment program supervised by the adult probation department.

{¶ 8} The state appeals from the trial court's decision to grant Ledford judicial release, raising the following single assignment of error for review:

{¶ 9} THE TRIAL COURT ERRED IN GRANTING APPELLEE JUDICIAL RELEASE AS ITS FINDINGS UNDER SECTION 2929.20(J) WERE CLEARLY AND CONVINCINGLY NOT SUPPORTED BY THE RECORD.

{¶ 10} In its single assignment of error, the state argues the trial court erred by granting Ledford judicial release. We disagree.

{¶ 11} In accordance with R.C. 2953.08(B)(3), the state may appeal as a matter of

right a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Nichter*, 10th Dist. Franklin No. 15AP-40, 2015-Ohio-3489, ¶ 5. The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2). *State v. Nichter*, 10th Dist. Franklin No. 15AP-886, 2016-Ohio-7268, ¶ 15. Pursuant to that statute, an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. This is an "extremely deferential" standard of review for the restriction is on the appellate court, not the trial judge. *State v. Geldrich*, 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6.

{¶ 12} Judicial release is governed by R.C. 2929.20. *State v. Baker*, 12th Dist. Fayette No. CA2000-01-002, 2000 WL 744632, *1 (June 5, 2000). As applicable here, R.C. 2929.20(J)(1) provides:

> A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
>
> That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

{¶ 13} Pursuant to R.C. 2929.12(A), the trial court may consider any relevant factors

necessary to achieve the purposes and principles of sentencing. Thus, in accordance with R.C. 2953.08(G)(2), the applicable standard of review this court must apply is whether the record does not clearly and convincingly support the trial court's findings made pursuant to R.C. 2929.20(J) or whether the decision is otherwise contrary to law. "The term clear and convincing evidence means that 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Sanders*, 12th Dist. Butler No. CA2001-03-068, 2002 WL 471172, *1 (Mar. 29, 2002), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 14} The state does not argue that the trial court's decision to grant Ledford judicial release was contrary to law, nor does the state raise any argument as it relates to the trial court's findings under R.C. 2929.20(J)(1)(a). Rather, the state argues the record does not support by clear and convincing evidence the trial court's findings it made under R.C. 2929.20(J)(1)(b) in regards to the seriousness of Ledford's conduct. Specifically, the state argues it was improper for the trial court to grant Ledford's motion for judicial release upon finding her release would not demean the seriousness of the offense because "factors indicating [her] conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that [her] conduct was more serious than conduct normally constituting the offense," when the trial court had previously determined that Ledford's conduct was "more serious than a typical case of this nature" at her sentencing hearing.

{¶ 15} This exact issue was addressed by the Third District Court of Appeals in *State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246. In that case, the state argued that "since the trial court indicated that the offense was more serious at the original sentencing hearing, no other conclusion can be reached [at a subsequent hearing on a motion for judicial release]." *Id.* at ¶ 7. The Third District disagreed with this argument and

held that a hearing on a motion for judicial release "is a new hearing which requires by statute a new evaluation of the factors." *Id.* In so holding, the Third District further stated:

> The parties each presented evidence of various factors to the trial court. The weight to be given each of the factors is within the sound discretion of the trial court. Since each party presented factors, this court cannot find as a matter of law the trial court cannot make a finding that the offense is less serious than others.

*Id.*

{¶ 16} We agree with the Third District's holding in *Edwards* and similarly conclude that a hearing on a motion for judicial release is a new hearing that requires by statute a new evaluation of the factors, regardless of the trial court's earlier findings under R.C. 2929.12(B) and (C) as to the seriousness of the offense. To hold otherwise would effectively negate any potential for judicial release in cases where an otherwise "eligible offender" was found to have committed conduct that was more serious than the conduct normally constituting the offense at a prior sentencing hearing. That is clearly not what the General Assembly intended for there would be no need for the trial court to make any findings regarding the seriousness of the offense at a subsequent judicial release hearing in accordance with R.C. 2929.20(J)(1)(b). The General Assembly could have also easily excluded persons who were found to have committed a more serious offense at sentencing from its definition of "eligible offender" who could move for judicial release if it had intended such a result. The General Assembly did not provide such a restriction, and neither shall we. *See* R.C. 2929.20(A)(1) (defining the term "eligible offender" for purposes of judicial release).

{¶ 17} Moreover, due to the fundamental nature of the passage of time, it should go without saying that the seriousness factors contained in R.C. 2929.12(B) and (C) that the trial court balances at a defendant's sentencing hearing generally go unchanged when addressing a subsequent eligible offender's motion for judicial release. However, as noted

by the Second District Court of Appeals in *State v. Grilliot*, 2d Dist. Darke No. 99CA1485, 1999 WL 812351, (Sept. 24, 1999), when addressing such a motion, "the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release." *Id.* at *3. In reaching this decision, the Second District stated:

> It is clear from the record that Grilliot's having served 8 months of his 4 year sentence-and the lesson learned from that experience-is what persuaded the trial judge that Grilliot should be given judicial release. The trial court's finding pursuant to R.C. 2929.20([J])(1)(b) does not fit neatly within the confines of that subsection because that subsection requires-and is limited to-a balancing of the seriousness factors that is favorable to Grilliot. That didn't happen in this case and we are hard pressed to imagine a situation where it would. The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought. Thus, judicial release would not be possible unless the trial court may consider "any other relevant factors." Where other factors are considered, however, the precise finding required by the strict wording of R.C. 2929.20([J])(1)(b) cannot be made. However, reading R.C. 2929.20([J])(1)(b) together with R.C. 2929.12(A), we believe the trial court's finding satisfies the spirit, if not the letter, of R.C. 2929.20([J])(1)(b). We likewise conclude that the trial court's finding is in keeping with these two subsections, which-pursuant to R.C. 2929.20([J])(1)-are to be read together.

*Id.* at *4.

{¶ 18} With these principles in mind, and after a thorough review of the record, we simply cannot say that the record does not support by clear and convincing evidence the trial court's findings it made under R.C. 2929.20(J)(1)(b) in deciding to grant Ledford's motion for judicial release. For instance, the record contains some evidence, albeit from Ledford herself, to support the trial court's findings that Ledford did not cause or expect to cause any physical harm to any person or property in the commission of the offense. The record also contains evidence that Ledford had been battling substantial mental health issues that would

- 7 -

be better served through treatment outside of the prison system. There was additional evidence in the record that Ledford's mother and step-father planned to take her in and see that she receives her necessary treatment, that Ledford had taken steps to obtain her GED, as well evidence as that Ledford planned to get a job in order to pay her court costs and the court-ordered restitution.

{¶ 19} In light of the foregoing, while this court may not have reached the same decision, we find it necessary to again note that R.C. 2953.08(G)(2), which provides the standard of review this court applies in reviewing a trial court's decision to grant judicial release, is "extremely deferential" to the trial court. The trial court is in the best position to assess whether the facts of this case support granting judicial release pursuant to R.C. 2929.20. The trial court also has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. *State v. Linz*, 12th Dist. Clermont No. CA2008-05-052, 2009-Ohio-1652, ¶ 14. Therefore, because we can find no error in the trial court's decision to grant Ledford's motion for judicial release, the state's single assignment of error is without merit and overruled.

{¶ 20} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.