M. POWELL, J.
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Warren County Court of Common Pleas granting judicial release to defendant-appellee, Renee Belcher.
{¶ 2} Belcher was indicted in 2008 on two counts of aggravated robbery, two counts of aggravated burglary, and two counts of kidnapping, each with a firearm specification. The charges stemmed from Belcher's involvement as the getaway driver in an armed home invasion, robbery, and kidnapping of an elderly couple who had previously employed Belcher as a housekeeper.
{¶ 3} On June 12, 2008, Belcher entered a guilty plea to one count of first-degree felony aggravated robbery and its firearm specification, one count of first-degree felony aggravated burglary, and one count of second-degree felony kidnapping. In exchange for her guilty plea, all other charges and firearm specifications were dismissed. The trial court accepted Belcher's *948 guilty plea and sentenced her to an aggregate prison term of 15 years, three of which were mandatory. Belcher's prison sentence was journalized in an "Agreed Judgment Entry of Sentence" filed that same day.
{¶ 4} In April 2010, after serving approximately 22 months in prison, Belcher filed a motion for judicial release. The trial court denied the motion without a hearing. On April 29, 2016, Belcher filed a second motion for judicial release, which she supported with several exhibits consisting of certificates of completion of various prison programs, commendations, and a community service printout showing completion of 1,337 hours of community service.
{¶ 5} On November 10, 2016, the trial court held a hearing on the motion. At the hearing, the assistant prosecutor who prosecuted the case against Belcher in 2008 and Belcher each presented evidence in support of their respective positions. Belcher apologized to the elderly couple and advised the trial court that while imprisoned, she had obtained her GED, learned trades, mentored other inmates, completed victim awareness and drug and alcohol programs, and stayed out of trouble.
{¶ 6} The assistant prosecutor opposed the motion, arguing that following voluntary plea negotiations with the state, Belcher had agreed to serve 15 years in prison in exchange for the dismissal of three counts and several firearm specifications. The assistant prosecutor further opposed the motion on the ground that granting judicial release to Belcher would demean the seriousness of her crimes. The assistant prosecutor advised the trial court that Belcher had used her position as a former housekeeper and her knowledge of the elderly couple's vulnerabilities to commit the armed home invasion, robbery, and kidnapping of the couple, this was the second time Belcher had victimized the couple as she had been sentenced to prison the year before for stealing checks from the couple, and the escalation of Belcher's predatory conduct against the couple clearly showed that prior probation sanction and prison sentence had not deterred Belcher.
{¶ 7} After considering the foregoing evidence, Belcher's exhibits, and letters from friends and relatives of Belcher, the trial court granted Belcher's motion for judicial release. Acknowledging the seriousness of Belcher's offenses, the trial court found on the record that a sanction other than a prison term would adequately punish Belcher and protect the public from future crime because "[t]he applicable factors indicating a less[e]r likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." In support of its finding, the trial court noted the existence of "substantial grounds to mitigate [Belcher's] conduct," the fact Belcher never entered the elderly couple's home or had contact with them in any way, and the fact the elderly couple did not suffer physical injuries.
{¶ 8} The trial court further found on the record that Belcher's release from prison and placement on community control would not demean the seriousness of the offense because "factors indicating that her conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating her conduct was more serious than conduct normally constituting the offense." In support of its finding, the trial court noted Belcher's genuine remorse for the offense and the fact that with the exception of the forgery conviction for stealing checks, Belcher had otherwise led a law-abiding life for a significant number of years, the offense was committed under circumstances not likely to recur, and Belcher *949 had never been adjudicated a delinquent child.
{¶ 9} In a decision and entry filed on November 10, 2016, the trial court reiterated its finding that a sanction other than a prison term would adequately punish Belcher, would protect the public from future criminal violations by Belcher, and would not demean the seriousness of the offenses. The trial court then listed the factors it considered in making such a finding:
1. Defendant is an eligible offender under R.C. 2929.20(C)(5) ;
2. In committing the offense, Defendant did not cause or expect to cause physical harm to any person;
3. Substantial grounds exist to mitigate Defendant's conduct, including (1) the fact she was motivated by a drug addiction; and (2) Defendant did not actually burglarize the victims, but remained in a vehicle outside while a co-defendant burglarized the victims;
4. Prior to committing the offenses in this case, Defendant was not previously adjudicated a delinquent child;
5. Prior to committing the offenses in this case, Defendant had only been convicted of forgery and had otherwise lived a law-abiding life for a significant number of years;
6. Defendant committed these offenses under circumstances not likely to recur.
{¶ 10} The trial court then ordered Belcher be subject to three years of community control, which included electronic monitoring for 90 days with a curfew from 9:00 p.m. until 6:00 a.m., and an exclusion zone and no-contact order regarding the elderly couple. Belcher was also ordered to successfully complete a drug and alcohol treatment program as directed and supervised by the adult probation department.
{¶ 11} The state now appeals, raising one assignment of error:
{¶ 12} THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED BELCHER'S MOTION FOR JUDICIAL RELEASE.
{¶ 13} In its single assignment of error, the state argues the trial court erred in granting Belcher judicial release.
{¶ 14} Pursuant to R.C. 2953.08(B)(3), a state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. State v. Ledford , 2017-Ohio-149, 77 N.E.3d 479, ¶ 11. The standard of review applied by an appellate court in reviewing a trial court's decision to grant judicial release is found in R.C. 2953.08(G)(2). Id. Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "This is an 'extremely deferential' standard of review for the restriction is on the appellate court, not the trial judge." Ledford at ¶ 11. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford , 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.
{¶ 15} Judicial release is governed by R.C. 2929.20. As applicable here, R.C. 2929.20(J) provides:
*950 (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
(a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
(2) A court that grants judicial release to an eligible offender under division (J)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
Pursuant to R.C. 2929.12(A), the trial court may consider any relevant factors necessary to achieving the purposes and principles of sentencing. Ledford , 2017-Ohio-149, 77 N.E.3d 479 at ¶ 13.
{¶ 16} The state first argues that the trial court's decision to grant Belcher judicial release was contrary to law because it breached the parties' negotiated plea agreement and the trial court's "Agreed Judgment Entry of Sentence" that Belcher would serve a 15-year prison sentence in exchange for the state's dismissal of three additional charges and several firearm specifications against her. We decline to address the state's argument because the state does not have the right to appeal a sentence modification that is contrary to law.
{¶ 17} R.C. 2953.08(B) provides that the state may appeal, as a matter of right, a felony sentence "or, in the circumstances described in division (B)(3) of this section the modification of a sentence imposed upon [a] defendant, on any of the following grounds":
(1) the sentence did not include a prison term despite a presumption favoring a prison term for the offense for which it was imposed, * * *
(2) the sentence is contrary to law;
(3) the sentence is a modification under section 2929.20 of the Revised Code of a sentence that was imposed for a felony of the first or second degree.
{¶ 18} The Ohio Supreme Court addressed the scope of the state's right to appeal a sentence modification based on judicial release in State v. Cunningham , 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120. In Cunningham , the defendant was sentenced to community control after pleading guilty to a felony of the fifth degree. After the defendant violated the terms of her community control sentence, the trial court imposed a one-year term of incarceration. Two months later, the defendant moved for judicial release under R.C. 2929.20 but withdrew the motion before the trial court could rule on it. After filing a second motion for judicial release, the defendant moved the trial court to "reinstate" her first motion for judicial release. The trial court granted that motion and modified the defendant's sentence. The state appealed the grant of judicial release, arguing that the trial court acted contrary to law in granting judicial release because *951 the court had no authority to reinstate the defendant's withdrawn motion for judicial release.
{¶ 19} Prior to oral argument, the appellate court sua sponte raised the issue of whether the trial court's order modifying the sentence constituted a final, appealable order. In a split decision, the appellate court dismissed the state's appeal, holding that granting judicial release for third, fourth, or fifth-degree felonies was not a final, appealable order, and therefore R.C. 2953.08(B) did not grant the state the right to appeal in this instance. The state appealed to the supreme court, urging it had "a right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law."
{¶ 20} In upholding the dismissal of the state's appeal, the supreme court first held that " R.C. 2953.08(B)(2) does not authorize a prosecuting attorney to appeal the modification of a sentence granting judicial release for a felony of the third, fourth, or fifth degree." Cunningham , 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120 at ¶ 28. The supreme court then rejected the state's argument that it had the "right to appeal pursuant to R.C. 2953.08(B)(2) from orders granting judicial release pursuant to R.C. 2929.20 that are contrary to law":
Finally, we recognize that the state, relying on R.C. 2953.08(B)(2), contends that it has a right to appeal a sentence modification that is contrary to law. Here, it urges that the court acted contrary to law in permitting Cunningham to reinstate a motion that had been withdrawn and that would have been untimely if it were refiled. A careful examination of R.C. 2953.08(B)(2), however, reveals that it does not refer to the modification of a sentence; rather, it authorizes the prosecuting attorney to appeal, as a matter of right, a sentence imposed on a defendant on the grounds that "[t]he sentence is contrary to law." Thus, it does not apply to a modification of a sentence that is allegedly contrary to law. See State v. Raitz , 6th Dist. [Lucas] No. L-03-1118, 2003-Ohio-5687, 2003 WL 22417222, ¶ 13.
(Emphasis sic.) Id. at ¶ 22.[1]
{¶ 21} As stated above, the state is appealing the trial court's decision to modify Belcher's sentence and grant judicial release on the ground, inter alia, that the trial court's decision is contrary to law. However, as the supreme court held in Cunningham , R.C. 2953.08(B) does not authorize the state to appeal a sentence modification claimed to be contrary to law. We believe Cunningham is controlling.
{¶ 22} The significance of Cunningham , for purposes of this appeal, is the supreme court's recognition of the distinction between a "sentence" and the "modification" of that sentence. If that distinction applies in construing R.C. 2953.08(B), it applies equally in construing R.C. 2953.08(G)(2).
*952 {¶ 23} R.C. 2953.08(G)(2) provides in relevant part that
The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.
{¶ 24} An appellate court's authority to "increase, reduce, or otherwise modify" the modification of a sentence pursuant to R.C. 2929.20 is limited by R.C. 2953.08(G)(2)(a) to whether the findings for the modification are supported by the record. By contrast, R.C. 2953.08(G)(2)(b) has no application to sentence modifications and is plainly restricted to a "sentence" (i.e., the original sentence). Therefore, without regard to the degree of the felony for which an original sentence was imposed, R.C. 2953.08(G)(2)(b) does not permit an appellate court to "increase, reduce, or otherwise modify" a sentence modification as contrary to law. Thus, while the state may appeal the modification of a sentence imposed for a felony of the first or second degree pursuant to R.C. 2953.08(B)(3), that right must be interpreted in light of the R.C. 2953.08(G)(2) limitation upon the jurisdiction of an appellate court to review sentence modifications and applies only to whether the record supports the modification of sentences for first and second degree felonies.[2]
{¶ 25} This limitation was recognized by the Fourth Appellate District which held, "As Cunningham states, however, R.C. 2953.08(B) does not authorize the State to appeal a sentence modification claimed to be contrary to law or a sentence modification *953 under R.C. 2929.20 for a third, fourth, of fifth degree felony." (Emphasis added.) State v. Sparks , 178 Ohio App.3d 272, 2008-Ohio-4664, 897 N.E.2d 712, ¶ 7 (4th Dist.).
{¶ 26} Consequently, we decline to address the state's first issue for lack of jurisdiction. See Cunningham , 113 Ohio St.3d 108, 2007-Ohio-1245, 863 N.E.2d 120.
{¶ 27} The state further argues that the trial court erred in granting Belcher judicial release because the record does not support the findings the trial court made under R.C. 2929.20(J)(1). Specifically, the state argues it was improper for the trial court to find, pursuant to R.C. 2929.20(J)(1)(b), that Belcher's release would not demean the seriousness of her conduct because the state presented numerous factors in support of the offense being more serious than conduct normally constituting the offense, and because mitigating seriousness factors were either not applicable or did not outweigh the aggravating seriousness factors. The state further argues it was improper for the trial court to find, pursuant to R.C. 2929.20(J)(1)(a), that Belcher's release would adequately punish her and protect the public from future criminal violations because the state presented several factors indicating that Belcher has a history of criminal convictions, has not responded favorably to sanctions previously imposed, and committed the offense under circumstances likely to recur.
{¶ 28} We begin by noting that a hearing on a motion for judicial release "is a new hearing that requires by statute a new evaluation of the factors." Ledford , 2017-Ohio-149, 77 N.E.3d 479 at ¶ 16 ; State v. Edwards , 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246, 2005 WL 1077048, ¶ 7. The weight to be given each of the factors presented by the parties is within the sound discretion of the trial court. Edwards at ¶ 7.
{¶ 29} On the record during the judicial release hearing and in its entry granting Belcher judicial release, the trial court found that Belcher's release from prison and placement on community control would adequately punish her, would protect the public from future criminal violations by Belcher, and would not demean the seriousness of the offense. Thus, the trial court made the requisite findings as to the adequacy of the punishment and the seriousness of the offense as required under R.C. 2929.20(J)(1)(a) and (b). The fact that the state "presented a more numerous recitation of factors * * * does not require the trial court to find that the offense was more serious than others." Id. at ¶ 6. Although the trial court must consider all relevant factors, the weight to be given to those factors is within the trial court's discretion. Id.
{¶ 30} In addition, when addressing a motion for judicial release, " 'the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release.' " Ledford , 2017-Ohio-149, 77 N.E.3d 479 at ¶ 17, quoting State v. Grilliot , 2d Dist. Darke No. 99 CA 1485, 1999 WL 812351, *3 (Sept. 24, 1999). As we noted in Ledford , "due to the fundamental nature of the passage of time, it should go without saying that the seriousness factors contained in R.C. 2929.12(B) and (C) that the trial court balances at a defendant's sentencing hearing generally go unchanged when addressing *954 a subsequent eligible offender's motion for judicial release." Ledford at ¶ 17. Likewise, the recidivism factors contained in R.C. 2929.12(D) and (E) that the trial court balances at a defendant's sentencing hearing generally go unchanged when addressing a subsequent eligible offender's motion for judicial release. As the Second Appellate District stated in Grilliot ,
It is clear from the record that Grilliot's having served 8 months of his 4 year sentence-and the lesson learned from that experience-is what persuaded the trial judge that Grilliot should be given judicial release. The trial court's finding pursuant to R.C. 2929.20 ( [J] )(1)(b) does not fit neatly within the confines of that subsection because that subsection requires-and is limited to-a balancing of the seriousness factors that is favorable to Grilliot. That didn't happen in this case and we are hard pressed to imagine a situation where it would. The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought. Thus, judicial release would not be possible unless the trial court may consider "any other relevant factors." Where other factors are considered, however, the precise finding required by the strict wording of R.C. 2929.20 ( [J] )(1)(b) cannot be made. However, reading R.C. 2929.20 ( [J] )(1)(b) together with R.C. 2929.12(A), we believe the trial court's finding satisfies the spirit, if not the letter, of R.C. 2929.20 ( [J] )(1)(b). We likewise conclude that the trial court's finding is in keeping with these two subsections, which-pursuant to R.C. 2929.20 ( [J] )(1)-are to be read together.
Grilliot at *4.
{¶ 31} With these principles in mind, and after a thorough review of the record, we conclude that the record supports the findings the trial court made under R.C. 2929.20(J)(1)(a) and (b) in granting Belcher judicial release. The record contains evidence to support the trial court's findings that Belcher did not cause any physical harm to the elderly couple. While the state asserts Belcher expected to cause physical harm to the couple simply because her co-defendant used a firearm, there is no evidence to support the state's assertion and the state admitted there were no physical injuries. Although Belcher helped her co-defendant in the burglary and robbery, the record also contains evidence to support the trial court's findings that she did not actually burglarize and rob the elderly couple but remained in a vehicle outside the home and that she was suffering from drug addiction at the time of her offenses. There was additional evidence in the record that while imprisoned, Belcher completed victim awareness and drug and alcohol programs and stayed out of trouble.
{¶ 32} The record also contains evidence to support the trial court's findings that Belcher was not previously adjudicated a delinquent child, expressed genuine remorse for her offenses, and led a law-abiding life for a significant number of years before she was convicted of forgery for stealing checks from the elderly couple. There was additional evidence in the record that while imprisoned, Belcher obtained her GED, learned trades and performed secretarial work, and mentored younger female prisoners, and that upon release, a long-time friend of Belcher planned on having Belcher help him and his wife in his furniture and hardware business.
{¶ 33} In light of the foregoing, while this court may not have reached the same decision, we find it necessary to again note that R.C. 2953.08(G)(2), which provides the standard of review this court applies in reviewing a trial court's decision to grant judicial release, is "extremely deferential" to the trial court. The trial court *955 is in the best position to assess whether the facts of this case support granting judicial release pursuant to R.C. 2929.20. The trial court also has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. Ledford , 2017-Ohio-149, 77 N.E.3d 479 at ¶ 19.
{¶ 34} The state's assignment of error is accordingly overruled insofar as it challenges the findings the trial court made in granting Belcher judicial release pursuant to R.C. 2929.20(J).
{¶ 35} Judgment affirmed.
S. POWELL, P.J., concurs.
PIPER, J., dissents.

In Raitz , the opinion cited with approval by the supreme court in Cunningham , the Sixth Appellate District held:
The clear language of R.C. 2953.08(B) makes clear that, at least in subsections (1) and (2), the section applies only to sentences, not to modifications of sentences. Subsection (3) is the only subsection that applies to modifications[.] The canon of statutory construction known as expressio unius est exclusio alterius (the expression of one thing implies the exclusion of other things not expressly mentioned) is instructive here. The legislature included in R.C. 2953.08(B) a list of three things that would entitle the state to an appeal as of right. The fact that it specifically mentioned sentence modifications [in] (3) but not in (1) and (2) suggests that the legislature did not intend for (1) and (2) to apply to modifications.
(Citation omitted.) State v. Raitz , 6th Dist. Lucas No. L-03-1118, 2003-Ohio-5687, 2003 WL 22417222, ¶ 13.

In a recent decision of the Tenth Appellate District, a dissenting judge determined that following Cunningham , "the R.C. 2953.08(G)(2) standard of review does not allow an appellate court to reverse a sentence modification if it is contrary to law." (Emphasis sic.) State v. Nichter , 2016-Ohio-7268, 63 N.E.3d 1219, ¶ 58 (Horton, J., dissenting). Explaining, Judge Horton stated:
In setting forth the standard of review, R.C. 2953.08(G)(2) states that the appellate court must "clearly and convincingly find[ ] either of the following: (a) That the record does not support the sentencing court's findings under * * * of section 2929.20 of the Revised Code * * *; [or] (b) That the sentence is otherwise contrary to law." The statute's failure to "refer to the modification of a sentence" in R.C. 2953.08(G)(2)(b) is identical to the omission in R.C. 2953.08(B)(2) that led Cunningham to hold that the provision did not apply to sentence modifications through judicial release, only appeals of original sentences. * * * Further indication that the standard of review for sentence modifications extends only to whether "the record does not support the sentencing court's findings" is the explicit reference in R.C. 2953.08(G)(2)(a) to 2929.20, the judicial release statute, which is not referenced in R.C. 2953.08(G)(2)(b), the "otherwise contrary to law" prong.
Id. at ¶ 58. Judge Horton concluded, "[r]ecognizing that the standard of review of sentence modifications based on judicial release determinations is confined to R.C. 2953.08(G)(2)(a) is only logical." Id. at ¶ 59. "If the standard of review of judicial release determinations extended to whether they were 'otherwise contrary to law,' Cunningham 's holding that the state has no right of appeal arising from a judicial release determination that is 'contrary to law' under R.C. 2953.08(B)(2) would be rendered a nullity." Id.