[Cite as *State v. Buell*, 2018-Ohio-1350.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :              CASE NO.   CA2017-07-102

                                                          :              O P I N I O N
    - vs -                                                             4/9/2018

                                                          :

LISA RENEE BUELL,                             :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 15-CR-30695


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

George A. Katchmer, 1886 Brock Road, N.E., Bloomingburg, Ohio 43601, for defendant-appellant


    **PIPER, J.**

    {¶ 1}   Defendant-appellant, Lisa Buell, appeals a decision of the Warren County Court of Common Pleas denying her motion for a new trial.

    {¶ 2}   Buell was convicted of patient abuse after a jury found her guilty of hitting a disabled patient in the back.  During trial, the jury heard evidence from a witness who testified that through an open window, he saw Buell hit the patient in the back.  Buell defended by

arguing that the witness could not see through the window because the window was blocked by a Christmas tree and fake snow that had been sprayed on the window. Buell appealed her conviction, and this court affirmed. *State v. Buell*, 12th Dist. Warren No. CA2015-11-102, 2016-Ohio-5477.

{¶ 3} Approximately a year after her appeal, Buell filed a motion for a new trial and a motion for leave to file a motion for a new trial based on newly-discovered evidence. The trial court granted leave to file the motion, and held a hearing on the issue. The trial court denied the motion, and Buell did not appeal the trial court's decision.

{¶ 4} Approximately six months later, Buell filed a second motion for a new trial, alleging additional newly-discovered evidence. Buell did not move for leave of court to file the second motion. The trial court denied the second motion. Buell now appeals the denial of her second motion for a new trial, raising the following assignment of error:

{¶ 5} THE COURT ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING ON HER MOTION FOR A NEW TRIAL.

{¶ 6} Buell argues in her assignment of error that the trial court erred in not granting her motion for a new trial and not holding a hearing before deciding such.

{¶ 7} A trial court's decision denying a request for new trial is reviewed for an abuse of discretion. *State v. Filiaggi*, 86 Ohio St.3d 230, 237 (1999). The same is true regarding the trial court's decision to hold an evidentiary hearing on the motion. *State v. Zielinski*, 12th Dist. Warren No. CA2014-05-069, 2014-Ohio-5318, ¶ 16. An abuse of discretion is more than an error of law or judgment. *State v. Williams*, 12th Dist. Butler No. CA2003-01-001, 2003-Ohio-5873. In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 8} According to Crim.R. 33(B), a motion for a new trial based on a claim of newly-discovered evidence must be filed within 120 days after the day upon which the verdict was

rendered. The rule permits an untimely motion if the trial court finds by clear and convincing evidence that the defendant was unavoidably prevented from discovering the evidence within the given time frame. *Id.* Clear and convincing evidence is the measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt, which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *State v. Belcher*, 12th Dist. Warren No. CA2016-12-102, 2017-Ohio-6943, ¶ 14.

{¶ 9} To prevail on a Crim.R. 33(A)(6) motion for a new trial on the ground of newly-discovered evidence, the movant must demonstrate that the evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St. 505 (1947). Evidence is not undiscoverable simply because affidavits were not obtained sooner. *Id.* at ¶ 28. Crim.R. 33 motions for a new trial are not to be granted lightly. *State v. Hoop*, 12th Dist. Brown No. CA2012-10-019, 2013-Ohio-3078.

{¶ 10} After reviewing the record, the trial court did not abuse its discretion in denying Buell's motion for a new trial, nor in making the decision without first holding a hearing. The second motion was filed well after the 120-day time frame required by Crim.R. 33(B) because it was filed a year and eight months after Buell was convicted. The record also indicates that Buell did not file a motion for leave to file her motion for a new trial out of time. Despite the lack of a motion for leave, the trial court nonetheless considered Buell's motion and decided it without first holding a hearing. This decision was not an abuse of discretion where Buell's own supporting affidavit demonstrated that her motion for a new trial would not be successful.

{¶ 11}   The record clearly established that Buell was aware of the information she claimed was newly-discovered evidence before her trial.  Buell claimed in her second motion for a new trial that the witness who testified that he saw Buell strike the victim was biased against Buell because Buell is a lesbian and in a relationship with another woman.  Buell's affidavit supporting her second motion for a new trial clearly states that she gave the bias information to her trial counsel, but that counsel did not use it at trial.

{¶ 12}   Additionally, Buell claims that the witness tried to get her partner terminated from her employment based on his discriminatory views against same-sex couples.  This attempted termination occurred three months *before* Buell was tried.  Thus, Buell cannot show by clear and convincing evidence that she was prevented from discovering the evidence before trial.

{¶ 13}   Additionally, the witness' alleged bias is not material and does not demonstrate a strong probability of a different result if a new trial was granted.  The witness' account of what he saw through the window was corroborated by other evidence such as the victim's distraught behavior after the incident and photographs of redness and marks on the victim's back the day after the incident.  This evidence cannot be vitiated even if the witness was biased against lesbians.

{¶ 14}   After reviewing the record, we find that the trial court did not abuse its discretion in denying Buell's second motion for a new trial or denying the motion without first holding a hearing.

{¶ 15}   Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.