[Cite as *State v. Kirby*, 2022-Ohio-4447.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-05-057 |
| | : | O P I N I O N |
| - vs - | | 12/12/2022 |
| | : | |
| BRYAN KIRBY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2018 07 1131

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Bryan Kirby, pro se.

**S. POWELL, P.J.**

{¶ 1}  Appellant, Bryan Kirby, appeals the decision of the Butler County Court of Common Pleas denying his motion for leave to file a delayed motion for a new trial without holding an evidentiary hearing.  For the reasons outlined below, we affirm the trial court's decision.

{¶ 2}  In the summer of 2018, Kirby was indicted for one count of aggravated burglary, one count of assault, two counts of aggravated arson, and two counts of arson.

The charges arose from two separate incidents. It was initially alleged that Kirby had set his estranged wife's Ford Explorer on fire while it was parked outside the house where she and their young son were sleeping. It was then alleged that, several months later, Kirby broke into his cousin's apartment and struck his cousin after confiding to his cousin that he had "only meant to get the [E]xplorer" and did not intend for the fire to spread to the house.

{¶ 3} In the spring of 2019, a jury found Kirby guilty as charged. After merging allied offenses, the trial court sentenced Kirby to serve a total, aggregate term of 13 years in prison. The trial court also ordered Kirby to pay restitution. Kirby appealed his conviction and this court affirmed. *State v. Kirby*, 12th Dist. Butler No. CA2019-05-078, 2020-Ohio-4005. Kirby then appealed this court's decision to the Ohio Supreme Court, which declined review. *State v. Kirby*, 160 Ohio St.3d 1495, 2020-Ohio-5634.

{¶ 4} In the fall of 2020, Kirby filed a petition for postconviction relief. The trial court denied Kirby's petition and this court affirmed in an accelerated calendar judgment entry. *State v. Kirby*, 12th Dist. Butler No. CA2020-12-122 (Apr. 26, 2021) (Accelerated Calendar Judgment Entry). Kirby appealed this court's decision to the Ohio Supreme Court, which again declined review. *State v. Kirby*, 164 Ohio St.3d 1404, 2021-Ohio-2742.

{¶ 5} In the summer of 2021, Kirby filed a petition in habeas corpus with the United States District Court for the Southern District of Ohio, Western Division. Upon review of Kirby's petition, a district court magistrate issued a decision recommending the district court dismiss Kirby's petition with prejudice. *Kirby v. Warden, London Corr. Inst.*, S.D. Ohio No. 1:21-cv-482, 2022 U.S. Dist. LEXIS 143262 (Aug. 10, 2022). As part of that decision, the magistrate noted, in pertinent part, the following:

> Having been convicted of four serious felonies against his estranged spouse and having attempted to avoid responsibility with a false alibi Kirby has now promoted himself to tribune of the people with a duty to expose police and judicial wrongdoing. It rings a little hollow.

*Id.* at \*5.

{¶ 6}   In the spring of 2022, Kirby filed a motion for leave to file a delayed motion for a new trial.[1]  Shortly thereafter, the trial court issued a decision denying Kirby's motion.  In so holding, the trial court initially noted Kirby's argument wherein he alleged that he had "documentary proof" of "newly discovered evidence."   Specifically, that (1) a police investigator was "not truthful" during trial; (2) a recall notice regarding the Ford Explorer would definitively prove he did not set his estranged Wife's vehicle on fire; and (3) a failure to secure the burnt Ford Explorer in an impound lot had denied his expert an opportunity to examine the charred vehicle.  The trial court, however, found "[a]ll of these issues were either presented at trial or considered on the appeal as of right."  The trial court also found no evidence that would support "a finding by clear and convincing evidence of anything other than the fact that [Kirby's motion for leave was] a frivolous filing."

{¶ 7}   Kirby now appeals the trial court's decision, raising the following single assignment of error for review.

{¶ 8}   THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD A HEARING ON THE LEAVE THE APPELLANT FILED.  THIS VIOLATED THE APPELLANT'S RIGHT TO BE HEARD AS THE EVIDENCE THE APPELLANT PUT FORTH MET THE REQUIREMENTS [OF] CRIMINAL RULE 33 AND [WHAT] THE OHIO POST-CONVICTION STATUTE DICTATES.

{¶ 9}   Kirby argues the trial court erred by denying his motion for leave to file a delayed motion for a new trial without holding an evidentiary hearing.  We disagree.

---

1. We note that, along with his motion for leave to file a delayed motion for a new trial, Kirby filed two other motions.  One of the motions Kirby filed was entitled a "Motion to Continue for Filing a New Trial per Cr.R. 33."  We also note that, approximately three weeks after Kirby filed his motion for leave, Kirby filed a petition for postconviction relief.  Kirby, however, makes clear in his brief that he is only appealing from the trial court's decision to deny his motion for leave to file a delayed motion for a new trial.  Therefore, because Kirby's appeal is so limited, so too is this court's decision.

{¶ 10} "A trial court's ruling on a motion for leave to move for a new trial is reviewed for an abuse of discretion." *State v. McNeal*, Slip Opinion No. 2022-Ohio-2703, ¶ 13. A trial court's decision on whether to hold an evidentiary hearing on a motion for leave to file a motion for a new trial is also reviewed for an abuse of discretion. *State v. Zielinski*, 12th Dist. Warren No. CA2014-05-069, 2014-Ohio-5318, ¶ 24 ("we find the trial court did not abuse its discretion in denying [appellant's] motion for leave to file a delayed motion for a new trial, nor did the trial court abuse its discretion in failing to conduct an evidentiary hearing regarding the same"); *State v. Hoover-Moore*, 10th Dist. Franklin No. 14AP-1049, 2015-Ohio-4863, ¶ 13. "An abuse of discretion is more than an error of law or judgment." *State v. Buell*, 12th Dist. Warren No. CA2017-07-102, 2018-Ohio-1350, ¶ 7. "In order to constitute an abuse of discretion, the court's attitude must be unreasonable, arbitrary, or unconscionable." *State v. Stepp*, 12th Dist. Butler No. CA2020-05-062, 2020-Ohio-6901, ¶ 16.

{¶ 11} Crim.R. 33(A) provides the grounds upon which a trial court may grant a defendant a new trial. *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 168. One of those grounds is set forth in Crim.R. 33(A)(6). *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 16. Pursuant to that rule, a new trial may be granted on the motion of the defendant "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(B) requires the defendant to file a motion for a new trial within 120 days of the date of the jury's verdict when the motion is premised on newly discovered evidence. *McNeal* at ¶ 15.

{¶ 12} A defendant's failure to move for a new trial within that 120-day deadline is excused, however, if the defendant proves by "clear and convincing evidence" that he or she was "unavoidably prevented" from discovering the evidence on which the motion would

be based within that time. *Id.* at ¶ 16. "A party is unavoidably prevented from filing a motion for new trial if 'the party had no knowledge of the existence of the ground supporting the motion for a new trial and could not have learned of the existence of that ground within the required time in the exercise of reasonable diligence.'" *State v. Young*, 12th Dist. Butler No. CA2018-03-047, 2019-Ohio-912, ¶ 30, quoting *State v. Rodriguez-Baron*, 7th Dist. Mahoning No. 12-MA-44, 2012 Ohio 5360, ¶ 11.

{¶ 13} Kirby argues the trial court erred by denying his motion for leave to file a motion for a new trial because he put forth evidence that, prior to his trial taking place in the spring of 2019, there existed an impound lot that police could have used to store the Ford Explorer he was alleged to have set on fire. Kirby also argues the trial court erred by denying his motion for leave because the vehicle "had a recall that was not satisfied, and the trial attorney failed to investigate that point." However, after a full and thorough review of the record, we find the trial court did not err by denying Kirby's motion, nor did the trial court err by making that decision without holding an evidentiary hearing. We instead agree with the trial court's decision finding the record devoid of any evidence indicating Kirby's motion was anything other than a frivolous filing. This is because, as the record indicates, it was no secret that the Ford Explorer was subject to a recall at the time of Kirby's trial. It was also no secret that there existed an impound lot that police could have, in theory, used to store the fire damaged Ford Explorer after Kirby set the vehicle on fire. This holds true regardless of whether Kirby, or his trial attorney, were actually aware of these facts at the time Kirby's trial began.

{¶ 14} In so holding, we note that this court has already addressed both of these issues in our decision affirming Kirby's conviction on direct appeal. *See Kirby*, 2020-Ohio-4005 at ¶ 14-17. Specifically, as this court previously stated:

> Here, appellant contends that the vehicle was material[ly]

exculpatory evidence because it would have allowed him to prove that the cause of the fire was a known defect in the vehicle. In support, appellant argues that the vehicle was subject to a recall from the manufacturer, as demonstrated by a notice from the National Highway Transportation Safety Administration. The subject of the recall was a component in the vehicle's cruise control system. The recall notice specifically warned that a defect in the cruise control system could be a fire hazard regardless of whether the vehicle's engine was on or off.

After review of the record, we find that appellant has failed to establish that the vehicle constituted materially exculpatory evidence. While the vehicle was subject to a recall, the vehicle or its components did not possess any apparent exculpatory value. The crux of appellant's alternative fire causation theory was whether the vehicle had the defective component—listed in the recall—installed at the time of the fire. Service records for the vehicle could have provided appellant comparable evidence on whether the defective component had been replaced before the fire. Appellant did not present any evidence of the vehicle's service records and his fire investigation expert admitted that he did not investigate whether the defective component had been replaced.

Additionally, appellant's fire investigation expert admitted that fire investigation guidelines promulgated by the National Fire Protection Association allow a fire investigator to review investigations by looking at relevant fire scene photographs. Therefore, appellant's expert was able to adequately review and assess the fire scene. At best, the vehicle or its components would constitute "potentially useful" evidence because additional testing would be needed to determine whether the vehicle contained the defective component and that defect was the cause of the fire.

*Id.* at ¶ 14-16.

{¶ 15} Continuing, this court then stated:

In finding that the lost evidence was only "potentially useful," the next issue is whether the state acted in bad faith when it failed to preserve the evidence. Appellant argues that the state's "cavalier attitude" in failing to secure and preserve the vehicle, in light of the investigator's knowledge of the recall, demonstrated bad faith. In support, appellant relies on *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867 (6th Dist.). We find *Durnwald* to be distinguishable. The *Durnwald* court found that the state acted in bad faith, in part, because the law enforcement officer did not follow the evidence retention policy

of his agency. Unlike *Durnwald*, here the investigator did not violate his agency's evidence retention policy. Not only was there no policy mandating storage, the investigator testified that the agency had no capability to store the vehicle. Finally, contrary to *Durnwald*, the investigators did not completely fail to preserve the evidence because they took copious photographs of the vehicle. Again, appellant's fire investigation expert conceded that photographs were a sufficient basis on which to review the fire investigation. Consequently, we find that there was no bad faith in the investigator's failure to preserve the vehicle. Therefore, the state's failure to preserve the vehicle or its components did not constitute a violation of appellant's due process rights.

*Id.* at ¶ 17.

{¶ 16} Therefore, finding no error in the trial court's decision denying Kirby's motion for leave to file a motion for a new trial, nor any error in the trial court making that decision without holding an evidentiary hearing, Kirby's single assignment of error lacks merit and is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.