[Cite as *State v. Burns*, 2021-Ohio-3667.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29811 |
| | |
| Appellant | |
| | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| | |
| WILLIAM M. BURNS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| | |
| Appellee | CASE No. CR 04 02 0468 |

DECISION AND JOURNAL ENTRY

Dated: October 13, 2021

SUTTON, Judge.

{¶1} Plaintiff-Appellant, State of Ohio, appeals the decision of the Summit County Court of Common Pleas granting judicial release to the Defendant-Appellee, William M. Burns. A thorough review of the record shows the trial court made the requisite statutory findings and the record does not clearly and convincingly fail to support the findings of the trial court. This Court affirms.

I.

{¶2} In February of 2004, Mr. Burns was arrested and charged with multiple offenses stemming from a home invasion, kidnapping, and bank robbery. He subsequently pled guilty to one count of aggravated burglary, a felony in the first degree; three counts of kidnapping, felonies of the first degree; two counts of aggravated robbery, felonies of the first degree; one count of improperly discharging a firearm at or into a habitation or school, a felony of the second degree; two counts of felonious assault, felonies of the second degree; and one count of

vandalism, a felony of the fifth degree. Based upon his plea, Mr. Burns was sentenced to an aggregate term of 20 years of incarceration.

{¶3} Mr. Burns applied for judicial release in 2014, 2015, and 2019. His motions were denied by the trial court without a hearing.

{¶4} On April 20, 2020, after serving 16 years of his 20-year sentence, Mr. Burns filed another motion for judicial release. In his memorandum to the trial court, Mr. Burns asserted that given the state of emergency declared by Governor DeWine in response to the COVID-19 pandemic, a sentence other than imprisonment would be appropriate for him. The trial court held a preliminary proceeding on Mr. Burns' motion without Mr. Burns present. The State objected to the granting of judicial release on the grounds that Mr. Burns' crimes were the worst forms of the offenses, and that Mr. Burns was not an offender who was eligible for judicial release under R.C. 2929.20(D). The trial court subsequently issued a Journal Entry finding Mr. Burns to be an eligible offender under R.C. 2929.20.

{¶5} After finding Mr. Burns to be an eligible offender, the trial court held a virtual hearing to determine whether he would be granted judicial release. Mr. Burns appeared at the hearing by phone and represented himself. Mr. Burns set forth the reasons why he believed the trial court should grant him judicial release. The State continued to object to Mr. Burns' potential release, arguing that he should complete the full 20 years of his sentence. The State presented the testimony of a family representative, representing two victims of Mr. Burns' crimes. In his testimony, the family representative referenced a presentation he gave to the trial court opposing Mr. Burns' judicial release in 2019 and indicated he still opposed granting

judicial release to Mr. Burns.[1]  Upon realizing that a family representative was present, Mr. Burns apologized and expressed his remorse for his actions to the family representative.

{¶6}    Regarding the decision to consider Mr. Burns' application for judicial release after previously denying his request in 2019, the trial court stated:

> The COVID-19 situation did give me pause, because I believe this is somebody who can contribute to our world in a positive way based on his experience.  And the fact that he could get sick and die in prison before he's released is certainly a concern.  And obviously, that's not my consideration for granting, but that is why I granted an additional look at this case.

The trial court then stated on the record that it was granting Mr. Burns judicial release.  The trial court found that after serving 16 years of his 20-year sentence, a sanction other than prison would now adequately punish Mr. Burns and protect the public from future criminal violations. The court explained it came to this decision because, after reviewing the record and evidence presented, it believed that the statutory factors indicating a lesser likelihood of recidivism outweighed the applicable statutory factors indicating a greater likelihood of recidivism at this point.  The trial court also found, on the record, that at this point a sanction other than a prison term would not demean the seriousness of the offenses committed by Mr. Burns.

{¶7}    The State requested the trial court stay Mr. Burns' release pending appeal.  The trial court denied the State's request but ordered Mr. Burns to complete a program at a community based correctional facility before allowing Mr. Burns to return to his family's home.

{¶8}    On July 21, 2020, the trial court issued a Journal Entry outlining the factual findings that formed the basis for its decision to grant judicial release.  That entry also contained

---

[1] While the testimony from the 2019 proceeding was referenced during the 2020 hearings, a transcript of the 2019 proceeding was not included by the State as part of the record in this appeal.

the terms of Mr. Burns' release. Mr. Burns' sentence was suspended, and he was ordered to be placed on community control for a period of two years.

{¶9} The State has appealed the July 21, 2020 Journal Entry, citing one assignment of error for our review.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT'S DECISION GRANTING [MR. BURNS'] MOTION FOR JUDICIAL RELEASE IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND DOES NOT COMPLY WITH R.C. 2929.20.**

{¶10} In its sole assignment of error, the State argues the trial court erred by granting Mr. Burns' motion for judicial release because Mr. Burns' motion was not supported by clear and convincing evidence and the trial court's decision did not comply with R.C. 2929.20. The State argues that the record does not support the trial court's sentencing modification based on the criteria set forth in R.C. 2929.20(J) and that the trial court failed to comply with its responsibilities to fully articulate its rationale for judicial release as required by R.C. 2929.20(J)(2).[2]

{¶11} In response, Mr. Burns asserts the trial court complied with the statutory requirements in arriving at its decision to grant him judicial release. Mr. Burns contends a review of the trial transcript shows the trial court considered the recidivism and seriousness factors enumerated in R.C. 2929.12 and made the requisite findings required under R.C. 2929.20.

---

[2] The State cites and argues under a prior version of R.C. 2929.20 that was in effect until April 7, 2009, when a revision in the statute moved the language found in R.C. 2929.20(H) to R.C. 2929.20(J).

**Appellate Review of Judicial Release**

{¶12} R.C. 2953.08(B)(3) grants a prosecuting attorney the right to appeal any modification to a sentence imposed for a felony of the first or second degree when that modification is made under R.C. 2929.20. Defining the parameters of this Court's review, R.C. 2953.08(G)(2) states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (1) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶13} As a preliminary matter, the State incorrectly states the standard of review in its assignment of error. The standard of review is not simply whether judicial release is supported by clear and convincing evidence in the record. The correct standard on appeal is whether this Court can clearly and convincingly find the record does *not* contain evidence to support the trial court's findings or that the decision was otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b). "[I]t is important 'to understand that the clear and convincing standard used by R.C. 2953.08(G) is written in the negative.'" *State v. Durham*, 12th Dist. Warren No. 2013-03-023, 2013-Ohio-4764, ¶ 43, quoting *State v. Lee*, 12th Dist. Butler No. CA2012-09-182, 2013-Ohio-3404, ¶ 9. "It does not say that the trial judge must have clear and convincing evidence to support its findings. Quite contrary, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings" in order to reverse the decision made

by the trial court to grant judicial release. (Internal quotations and citations omitted.) *Id.* "Clear and convincing evidence is that measure or degree of proof which will produce * * * a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). Regarding judicial release, this Court has previously stated this standard of review "places the burden on the state to make an affirmative showing of error by clear and convincing evidence." *State v. Bilbrey*, 9th Dist. Lorain No. 08CA009315, 2008-Ohio-6930, ¶ 10.

{¶14} Ohio courts have noted that this standard of review is "extremely deferential" to the trial court. *See State v. Ledford*, 12th Dist. Clermont No. CA2016-04-021, 2017-Ohio-149, ¶ 19. The rationale behind this standard of review is that "[t]he trial court is in the best position to assess whether the facts of [a] case support granting judicial release pursuant to R.C. 2929.20." *Id.*

### Judicial Release Analysis

{¶15} Ohio's trial courts "have the power to liberally and expeditiously grant appropriate requests for judicial release." *State ex rel. Lichtenwalter v. DeWine*, 158 Ohio St.3d 1476, 2020-Ohio-1465, ¶ 3 (Donnelly, J., concurring). R.C. 2929.20 governs judicial release and defines the findings the trial court must make in order to grant judicial release. Because Mr. Burns was sentenced to a first-degree felony, R.C. 2929.20(J)(1) is applicable, and provides:

> A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense under Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender

because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;

(b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

Further, R.C. 2929.20(J)(2) requires a trial court that grants judicial release to specify on the record the findings required by R.C. 2929.20(J)(1) and to list all of the factors in R.C. 2929.20(J)(1) that were presented.

{¶16} The State argues the trial court did not follow these statutory procedures. However, for the reasons that follow, we disagree. Under this Court's decision in *State v. Bilbrey*, a trial court can make the required findings orally during the proceedings or the trial court can set forth its findings in its journal entry granting the motion. *See Bilbrey* at ¶ 7. Here, the trial court did both. The trial court expressly stated in the July 21, 2020 Journal Entry it found both R.C. 2929.20(J)(1)(a) and R.C. 2929.20(J)(1)(b) to be applicable, writing:

The [c]ourt concludes, in consideration of all of the seriousness factors, the recidivism factors and all other relevant factors before the court, including those listed above, that at this point in time:

1. A sanction other than a prison term would adequately punish [Mr. Burns] and protect the public from future criminal violations because the factors indicating a less likelihood of recidivism outweigh the factors indicating a greater likelihood of recidivism, and
2. A sanction other than completing the prison term would not demean the seriousness of the offense because factors indicating that [Mr. Burns'] conduct in committing the offense are less serious than conduct normally constituting the offense outweigh factors indicating his conduct was more serious than that normally constituting the offense.

Additionally, the record shows that the trial court made the same findings orally on the record during the July 14, 2020 proceedings:

I am going to find that at this point in time after serving 16 years of the 20-year sentence that a prison term would - - a sanction other than a prison term at this point would adequately protect - - punish [Mr. Burns] and protect the public from future criminal violations, because I think the factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism. And I believe that this - - we are not going to have a problem with this individual when he's released.

I further find that a sanction other than a prison term at this time would not demean the seriousness of the offense because the conduct in committing the offense was less serious than conduct normally committed constituting the offense outweigh factors indicating the eligible offender's conduct was more serious than conduct normally constituting the offense.

### R.C. 2929.20(J)(2) Requirement to Fully Articulate Findings

{¶17} The State argues in its assignment of error that the trial court failed "to fully articulate its rationale for judicial release" as required by R.C. 2929.20(J)(2), and the evidence in the record does not support the findings the trial court made. However, a review of the hearing transcript and the July 21, 2020 Journal Entry shows the trial court fully articulated its rationale for granting Mr. Burns judicial release and there is, as required, evidence in the record to support the trial court's findings.

{¶18} The first finding the trial court had to make under R.C. 2929.20(J)(1)(a) was that "a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism." The trial court concluded that community control sanctions, coupled with the 16 years Mr. Burns had already served in prison, would adequately punish Mr. Burns. The trial court found the balance of factors indicated a less likelihood of recidivism because (1) Mr. Burns worked to address his substance abuse and mental health issues in prison; (2) Mr. Burns had grown to be a different person than the person who was before the court 16 years ago; (3) Mr.

Burns expressed deep remorse for his actions; (4) Mr. Burns participated in significant programming to assist him when he is released; and (5) Mr. Burns' only prior offenses were misdemeanor offenses related to alcohol use. The trial court also stated at the hearing on Mr. Burns' motion that "I believe that [] we are not going to have a problem with this individual when he's released."

{¶19} This Court has reviewed the entire record. There is evidence in the record that the trial court relied on to support its findings regarding Mr. Burns' likelihood of recidivism. The evidence in the record also supports the trial court's decision that at this point when Mr. Burns has already served 16 years of his 20-year sentence, community control, rather than prison, would adequately punish Mr. Burns and protect the public from future criminal violations.

{¶20} The second finding the trial court had to make, under R.C. 2929.20(J)(1)(b), was that "a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweighing factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense." At sentencing in 2004, the trial court found Mr. Burns' conduct to be the worst forms of the offenses and sentenced him to consecutive sentences, rather than concurrent ones, because "anything less would demean the seriousness of the offense" and to "serve as an example to others[.]" However, upon consideration of the factors and evidence at the time of granting judicial release, the trial court concluded that, after serving 16 years of his sentence, judicial release at this point was warranted.

{¶21} Again, this Court has reviewed the entire record and the evidence upon which the trial court has relied appears in the record. The record shows the trial court considered all of the

relevant statutory factors it was required to consider. In considering the seriousness factors, the trial court noted the seriousness of the crime, but also noted that while the victims suffered serious psychological harm, no one was physically injured during the incident. Further, the trial court stated "there was no argument [Mr. Burns] held a position of trust or office which related to the crime, or that facilitated the offense. There was no argument his actions were committed for hire or were part of organized criminal activity, nor that he was motivated by prejudice." The trial court also found that Mr. Burns had a severe problem with alcohol and marijuana in addition to mental health issues and noted "[w]hile certainly these issues do not excuse his conduct on the day in question, they do mitigate his actions on that day."

### Trial Court Authorized to Consider Other Factors

{¶22} It is important to note that when addressing a motion for judicial release, "the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release." *Ledford*, at ¶ 17, quoting *State v. Grilliot*, 2d Dist. Darke No. 99CA1485, 1999 WL 812351 (Sept. 24, 1999). Here, in addition to the recidivism and seriousness factors considered above, the trial court considered several factors not specifically outlined in the statute, but which may also be considered. As indicated by our sister appellate district, this consideration of other factors in determining whether judicial release should be granted is necessary because:

> The trial court balances the seriousness factors at sentencing. Those factors, which are rooted in the facts of the case at hand, don't change over time. Thus, a balancing unfavorable to the defendant at the time of sentencing will perforce be unfavorable when judicial release is sought.

*Grilliot*, at *4.

{¶23} The record shows the trial court specifically recognized the seriousness of the crimes that Ms. Burns committed, and that recognition was reflected in the sentence Mr. Burns

received at the time of his original sentence. However, in reaching its decision to grant Mr. Burns judicial release at this point when Mr. Burns had served 16 years of his 20-year sentence, the trial court's Journal Entry indicates the trial court also weighed several additional factors in reaching its decision. The trial court noted that Mr. Burns completed numerous classes, including trade and college classes, and learned to speak Spanish while in prison. The trial court also noted that Mr. Burns used his creativity to write a children's book for inmates to read to their children when they visit. The trial court further noted that Mr. Burns has been classified a level 1 security threat, the lowest threat classification, for several years. In weighing this, the trial court concluded Mr. Burns had made "incredible rehabilitation in prison[,]" the kind "that you just typically do not see."

### Judicial Release Supported by Evidence in Record

{¶24} This Court both recognizes the seriousness of the offenses which Mr. Burns committed and shares compassion for the victims of his crimes. However, after a thorough review of the record and in accordance with this Court's responsibility under the law, this Court cannot clearly and convincingly find there is not evidence in the record to support the trial court's findings or that the trial court's decision is contrary to law. The trial court complied with the statutory requirements and considered the seriousness and the recidivism factors listed in R.C. 2929.12. Further, the trial court considered other factors in its analysis which are not enumerated in the statute but are permissible for consideration under the law. Additionally, the trial court made and articulated the requisite findings pursuant to R.C. 2929.20(J).

{¶25} Therefore, for the reasons stated above, the State's sole assignment of error is overruled.

III.

{¶26} Based upon the foregoing, the State of Ohio's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶27} I respectfully dissent. At the time of sentencing, the trial court made a determination that Burns' conduct constituted the worst form of the charged offenses. In order to grant judicial release in this matter, the trial court was required to find "[t]hat a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense." R.C. 2929.20(J)(1)(b). In denying his motion for judicial release in 2019, the trial court found that granting judicial release "would demean the seriousness of the multiple offenses." While the trial court ostensibly made a finding pursuant to R.C. 2020.20(J)(1)(b) when it later granted judicial release in 2020, it failed to adequately address why a change of course was merited just a year later. Although the trial court noted that it was inclined to take another look at the motion in light of the COVID-19 pandemic, it suggested that the pandemic was not its basis for granting the petition. The trial court did not articulate why its previously stated concerns with granting judicial release were no longer relevant. As I would reverse the trial court's judgment on this basis, I respectfully dissent from the judgment of the majority.


APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellant.

JONATHAN T. SINN, Attorney at Law, for Appellee.

JACOB T. WILL, Attorney at Law, for Appellee.