[Cite as *State v. Platt*, 2024-Ohio-1331.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellant,          : CASE NO. 23CA9

    v.                            :

DONALD PLATT,                     : DECISION AND JUDGMENT ENTRY

    Defendant-Appellee.           :

_____

APPEARANCES:

Keller J. Blackburn, Athens County Prosecuting Attorney, and
Merry M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio,
for appellant.

Addison M. Spring, Assistant State Public Defender, Columbus,
Ohio, for appellee[1].

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-2-24
ABELE, J.

**{¶1}** This is an appeal from an Athens County Common Pleas

Court judgment that granted judicial release to Donald Platt,

defendant below and appellee herein. The State of Ohio,

plaintiff below and appellant herein, assigns one error for

review:

> "THE TRIAL COURT ERRED WHEN IT GRANTED
> PLATT'S MOTION FOR JUDICIAL RELEASE WITHOUT
> ARTICULATING THE REQUISITE FACTORS

---

    [1] Different counsel represented appellant during the trial
court proceedings.

> SUPPORTING ITS DECISION PURSUANT TO R.C.
> 2929.20(J)."

{¶2} On March 5, 2021, appellee's 14-year-old son, M.P., removed a loaded weapon from an unlocked gun cabinet and accidentally shot and killed 11-year-old E.S., a friend of appellee's 11-year-old son, L.P. *See State v. Platt,* 4th Dist. Athens No. 22CA2, _____ Ohio _____. After a jury found appellee guilty of involuntary manslaughter, in violation of R.C. 2903.04(A), a first-degree felony, and child endangering, in violation of R.C. 2919.22(A), a third-degree felony, the trial court (1) merged the endangering children offense with the involuntary manslaughter offense, (2) sentenced appellee to serve an indefinite four- to six-year prison term, (3) issued the required Reagan Tokes Act notifications, and (4) ordered a mandatory five-year post-release control term. This court affirmed appellee's convictions in *Platt, supra.*

{¶3} On December 8, 2022, appellee filed a motion for judicial release, pursuant to R.C. 2929.20.[2] At appellee's judicial release hearing, the trial court reviewed appellee's rehabilitative efforts while incarcerated, heard arguments from

---

[2] Appellee applied for judicial release under the former version of R.C. 2929.20, effective March 22, 2019 to April 3, 2023. The latest version of R.C. 2929.20, effective October 3, 2023, and other versions in between, add, among other items, language regarding state of emergency-qualifying offenders, but otherwise is substantively the same regarding issues related to this appeal.

the state and appellee's counsel, and considered victim impact statements from two of the victim's sisters. In addition, appellee testified that he felt "truly remorseful" and wanted to "get out and be a better father."

{¶4} The trial court stated on the record that appellee had "been held accountable." The court further noted that appellee (1) is a "first-time felony offender,"(2) had "never [been] in trouble previously," (3) had "indications of drug use," (4) "never had a problem with the boys previously handling the firearm," and (5) the firearm "was removed without his knowledge or permission." The court noted that appellee taught the boys gun safety and, although appellee may have left the cabinet unlocked that day, he did not know that they knew the gun cabinet's combination.

{¶5} The trial court also found that appellee had two "minor" violations on his institutional summary report, one "for being out of place the other was for not reporting to work on time." The court further noted that certifications in the record show that appellee "completed course work" while in prison. For example, appellee participated in the "transformational program, how to be a responsible father, how to cage your rage one and two," "the only person you cheat is you," and Bible study. Therefore, the court found that appellee "made somewhat productive use of his time there as well as if I

remember correctly working while he's been there."

{¶6} The trial court further found that appellee "has been adequately punished" and "the chance of recidivism is low.  He is no longer legally allowed to proses [sic.] a firearm."  The court concluded that the "factors reviewed" * * * [are] "outweighed by his completion of programming while in prison" and * * * his low security levels."  The court stated that judicial release would:

> protect the public from future criminal violations by the offender because the factors indicating a lesser likelihood of recidivism are present and outweigh the applicable factors indicating the greater likelihood of recidivism as well as B that a sanction other than prison here would be in addition to prison but not to demean the seriousness of the offense because the factors here indicating the eligible offenders conduct was less serious than conduct normally constituting the offense and outweighs the factors indicating that his conduct was more serious than conduct normally constituting the offense.

{¶7} Accordingly, the trial court granted judicial release. The following facts are taken from the trial court's May 4, 2023 entry:

> The Court finds Defendant has served more than one year on his four to six year indeterminate sentence.  The Court finds as a result that Defendant is eligible to apply for judicial release.
>
> Pursuant to R.C. 2929.20 a court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed

an offense under Chapter 2925 or 3719 of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court makes certain findings. *See R.C. Section 2929.20(J)(1).* After hearing from counsel, review of the record, after hearing from the victim's family, after hearing from Defendant, the court finds with reference to factors under section 2929.12 of the Revised Code, including but not limited to, Defendant owed a duty of care to the victim visiting his residence, Defendant was remorseful for his actions (or lack of action in securing the cabinet lock), this was Defendant's first felony offense, the victim was a minor visiting the residence and suffered a fatal single shot by the mishandling of a firearm by Defendant's minor son, that the cabinet had a lock - that it was unlocked - and Defendant's children knew the combination, that there was no animosity or ill will among any of those involved, that the victim's family suffered a tragic loss, that the Defendant nor Defendant's minor son did not expect to cause any physical harm to the victim, the offense was committed under circumstances unlikely to recur, and that the shooting itself by Defendant's minor son was accidental. The Court further finds a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism and that a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

Some underlying facts of this case include Defendant had firearms in his residence, Defendant had firearms in a closed cabinet that was typically locked, however, the lock was not closed on the night of the event. Defendant's older minor son gained access to the cabinet and removed one of the firearms without permission or knowledge of Defendant. There was testimony at trial Defendant's sons knew the combination of the lock although Defendant did not know that his sons knew the combination. The victim, also a juvenile, was visiting

overnight. The older of Defendant's two boys was showing the firearm to the victim without the permission of Defendant father. The testimony was that he did not know the firearm was loaded, that he dropped the firearm, and when he went to grab it, it accidentally discharged striking the victim fatally in his torso.

Defendant testified previously at trial that he has taught the boys gun safety in the past, has shot firearms with the boys, and never had a problem with the boys using firearms. He also had not had any problems in the past with the boys taking any firearms out of the cabinet without his permission or knowing it. The Defendant's older boy testified that he thought the lock was open, but that he knew the combination of the lock. Defendant believed the lock was closed and did not know either of his boys knew the combination. Defendant previously testified that it was his practice to keep the gun cabinet locked and the guns unloaded. Defendant apparently did not know that the boys knew the combination of the lock. Defendant did not give permission for either of his boys to take any firearm or ammunition out of the cabinet that night or to show the victim the firearm. Defendant was unaware that the firearm was removed from the cabinet until the event occurred although he was home at the time. Defendant testified at trial that he did not know that the gun was loaded and that he unloads his guns after shooting and that the firearm should have been unloaded. Defendant's boys knew that Defendant (father) required that Defendant be present when they were handling any firearms and that they were not to have any firearms out without him being present.

There is no other information from trial or at this hearing that the action of Defendant's son in dropping and firing the firearm was anything but accidental. Defendant's older juvenile son testified that he dropped the firearm while showing it to the victim, and as it dropped grabbed it around the trigger guard and accidentally discharged the firearm resulting in the victim being fatally struck. The result being that the minor victim lost his life as a result is truly tragic. At trial Defendant testified that he was in the house, but was unaware that the gun was removed from the cabinet and that it was removed without his knowledge or permission.

Defendant expressed remorse at the judicial release hearing and at trial testified he tried to help the victim unsuccessfully and appeared remorseful.

Considering Defendant's institutional summary report, there are two violations noted over the course of a year. One was for being out of place and the other for not reporting to work.  Of these, the Court finds neither are significant.  The Court finds that both of these entries are minor.  The Court finds this is Defendant's first felony offense.  The Court finds that there also was a showing that Defendant used suboxone without prescription and marijuana around the time of the event. The Court also notes that he is classified at the lowest security level and that while in prison he was housed in the honor dorm.  He had also competed programming while in prison and was engaged in work details as required, excepting the one infraction.

Considering all the above, the record, and the factors under 2929.12, under these circumstances the Court finds that granting judicial release herein would adequately punish the Defendant and that judicial release and sanctions would result in Defendant refraining from similar conduct in the future.  The Court finds that the public is protected in that the likelihood of a similar event occurring is small as Defendant is ordered not to possess a firearm as a condition of his judicial release supervision.  Further Defendant can no longer lawfully possess a firearm.  Even possessing a firearm in his household would be construed to be in violation of judicial release supervision terms.  The Court finds that a sanction that he complete a community based correctional facility program (after now serving more than one year in prison) adequately punishes the offender and protects the public from future criminal violations.  In reviewing the applicable factors including those under R.C. 2929.12, the Court finds under these facts it does indicate a lesser likelihood of recidivism outweighs the applicable factors indicating a greater likelihood of recidivism.  Further, the court finds that Defendant's conduct was not more serious than conduct normally constituting the offenses addressed herein.  The Court finds that granting judicial release at this time would not demean the seriousness of the offenses and granting judicial release with additional conditions would constitute adequate punishment under these facts.  The Court finds

that Defendant's conduct was not more serious than conduct normally found in such offenses and that such conduct does not outweigh factors indicating that Defendant's conduct was more serious than conduct normally constituting these offenses. The Court finds at this time a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

Consequently, the trial court granted judicial release and ordered appellee: (1) be placed on five years community control, (2) report to the Adult Parole Authority (APA), (3) obtain and maintain employment throughout community control, (4) pay court costs in full by December 31, 2025, (5) have no contact with the victim or victim's family, (6) not possess or consume alcoholic beverages or illegal drugs, (7) contact Health Recovery Services or TASC or Hopewell with twenty-four business hours, (8) not possess or use any controlled substances unless prescribed, (9) remain a law abiding citizen, (10) not leave the state without permission of the court or APA, (11) obey all court orders, (12) not possess any firearm personally or at his residence, (13) serve a mandatory two-year minimum to five year maximum post-release control term, and (14) successfully enroll and complete STAR Community Based Correctional Facility (or equivalent), follow all recommendations, sign all releases, and follow all aftercare instructions. This appeal followed.

Standard of Review

{¶8} According to R.C. 2953.08(B)(3), the state may appeal, as a matter of right, a trial court's decision to grant judicial release to an offender sentenced for a felony of the first or second degree. *State v. Ledford*, 2017-Ohio-149, 77 N.E.3d 479, ¶ 11 (12th Dist.); *State v. Kennedy,* 10th Dist. Franklin No. 22AP-534, 22AP-536, 2023-Ohio-3078, ¶ 13; *State v. Gilbert*, 12th Dist. Butler No. CA2022-02-021, 2022-Ohio-3387, ¶ 15. An appellate court applies the standard of review found in R.C. 2953.08(G)(2) when it reviews a trial court's decision to grant judicial release. *Gilbert*, *supra*; *State v. Nichter*, 10th Dist. 2019-Ohio-279, 129 N.E.3d 984, ¶ 18 (10th Dist.).

{¶9} Pursuant to R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence on appeal "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "This is an 'extremely deferential' standard of review for the restriction is on the appellate court, not the trial judge." *Ledford* at ¶ 11, citing *State v. Geldrich,* 12th Dist. Warren No. CA2015-11-103, 2016-Ohio-3400, ¶ 6. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of

such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶10} Judicial release is governed by R.C. 2929.20. The General Assembly amended R.C. 2929.20, effective October 3, 2023. The version of the statute in effect when the trial court decided this motion provides pursuant to R.C. 2929.20(J):

> (1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree * * * unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
>
> > (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
> >
> > (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
>
> (2) A court that grants judicial release to an eligible offender under division (G)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.

{¶11} At the outset, we observe that the state does not argue that appellee is ineligible for judicial release, but rather that the trial court failed to make the necessary findings under R.C. 2929.20(J) to permit judicial release. Appellate courts must recognize, however, that trial courts are empowered to "liberally and expeditiously grant appropriate requests for judicial release." *State ex rel. Lichtenwalter v. DeWine*, 158 Ohio St.3d 1476, 2020-Ohio-1465, 143 N.E.3d 507, ¶ 3 (Donnelly, J., concurring), *State v. Burns,* 9th Dist. Summit No. 29811, 2021-Ohio-3667, ¶ 15; *State v. Watkins,* 2020-Ohio-5203, 162 N.E.3d 141, ¶ 14 (10th Dist.).

{¶12} The state makes three arguments.  First, concerning R.C. 2929.20(J)(1)(a), the state asserts that the trial court implied that appellee had been adequately punished because he had already served a term of imprisonment.  Second, the state contends that the court failed to justify its findings with an analysis of the relevant R.C. 2929.12 factors.  Finally, the state asserts that the court failed to specify both the required findings and factors described pursuant to R.C. 2929.20(J)(2).

## R.C. 2929.20(J)(1)(a)

{¶13} We begin with the state's argument that the trial

court implied that appellee had been adequately punished because he had served a term of imprisonment.  Appellee, on the other hand, contends that the trial court made the R.C. 2929.20(J)(1) findings and articulated reasoning based on the R.C. 2929.12(B)-(E) factors.

R.C. 2929.12 provides:

* * *

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

> (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

> (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

> (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

> (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

> (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

> (6) The offender's relationship with the victim facilitated the offense.

> (7) The offender committed the offense for

hire or as a part of an organized criminal activity.

(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a

sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the

offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) The offender shows genuine remorse for the offense.

(F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

{¶14} As noted above, R.C. 2929.20(J)(1)(a) requires a court to find that a sanction other than a prison term will adequately punish an offender and protect the public from future criminal violations because the applicable factors indicate that a lesser likelihood of recidivism outweighs the applicable factors that indicate a greater likelihood of recidivism. The state contends that in the case at bar the trial court did not analyze whether a sanction other than a prison term would adequately punish the offender as per R.C. 2929.20(J)(1)(a). The state argues that the court "only" found that recidivism is less likely because appellee is now barred from possessing a firearm.

{¶15} Concerning the recidivism issue, the trial court found

that appellee's institutional summary report contained only two "minor" violations and "neither are significant." The court noted that the institution classified appellee "at the lowest security level" and, while in prison, appellee resided in the honor dorm, completed appropriate programming, and engaged in required work details. The court emphasized that the public is protected because the "likelihood of a similar event occurring is small as Defendant is ordered not to possess a firearm as a condition of his judicial release supervision."

{¶16} After our review in the case at bar, we cannot conclude, by clear and convincing evidence, that the record does not support the trial court's findings. *Marcum*, *supra,* at ¶ 1. Other courts have faced similar situations. For example, in *Burns, supra,* 2021-Ohio-3667, the trial court found the balance of factors indicated a less likelihood of recidivism because the defendant (1) worked to address his substance abuse and mental health issues in prison; (2) had grown to be a different person; (3) expressed deep remorse for his actions; (4) participated in significant programming to assist him when he is released; and (5) his only prior offenses were misdemeanor offenses related to alcohol use. *Id.* at ¶ 18. Further, the court stated at the hearing, "I believe that * * * we are not going to have a problem with this individual when he's released." *Id.* The Ninth District concluded that evidence existed in the record

that the trial court relied on to support its findings regarding
the defendant's likelihood of recidivism.  The court determined
that the evidence in the record also supported the trial court's
decision that community control, rather than prison, would
adequately punish the defendant and protect the public from
future criminal violations.  *Id.* at ¶ 19.

**{¶17}** Similarly, in the case at bar the trial court found
that the "sanction the court imposed adequately punishes Mr.
Platt and protects the public from future criminal violations"
and the "chance of recidivism is low" because the factors
indicated "a lesser likelihood of recidivism outweighing the
applicable factors indicat[ing] a greater likelihood of
recidivism."  Further, the trial court's entry states:

> After hearing from counsel, review of the record, after
> hearing from the victim's family, after hearing from
> Defendant, the court finds with reference to factors
> under section 2929.12 of the Revised Code, including but
> not limited to, Defendant owed a duty of care to the
> victim visiting his residence, Defendant was remorseful
> for his actions (or lack of action in securing the
> cabinet lock), this was Defendant's first felony
> offense, the victim was a minor visiting the residence
> and suffered a fatal single shot by mishandling of a
> firearm by Defendant's minor son, that the cabinet had
> a lock - that it was unlocked - and Defendant's children
> knew the combination, that there was no animosity or ill
> will among any of those involved, that the victim's
> family suffered a tragic loss, that the Defendant nor
> Defendant's minor son did not expect to cause any
> physical harm to the victim, the offense was committed
> under circumstances unlikely to recur, and that the
> shooting itself by Defendant's minor son was accidental.
> The Court further finds that a sanction other than a
> prison term would adequately punish the offender and
> protect the public from future criminal violations by

the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism and that a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.

{¶18} Thus, after our review we believe that the trial court did, in fact, make the proper R.C. 2929.20(J)(1)(a)findings.

R.C. 2929.20(J)(1)(b)

{¶19} Concerning R.C. 2929.20(J)(1)(b), the state contends that, although the record details the reasons the trial court believed that a sanction other than a prison term would not demean the seriousness of the offense, the court failed to justify its finding with an analysis of the relevant R.C. 2929.12 factors.

{¶20} In particular, the state contends that the trial court did not list all R.C. 2929.12 factors it considered when it granted judicial release and cites *State v. Orms*, 10th Dist. Franklin No. 13AP–698, 2014-Ohio-2732 in support. In *Orms,* the Tenth District held that, in addition to the findings required under R.C. 2929.20(J)(1) and (2), the statute "obligates the trial court to justify its findings with an analysis of the

relevant R.C. 2929.12 factors." *Id.* at ¶ 10.  The Tenth District concluded that the trial court did not specify the findings as to the adequacy of the punishment and the seriousness of the offense as required under R.C. 2929.20(J)(1)(a) and (b), "nor did the court list all the factors that were presented at the hearing."  *Id.* at ¶ 11. Therefore, without those findings and factors, the court held that the trial court "was precluded from granting judicial release."  *Id.*  We conclude, however, that, unlike the case at bar, the *Orms* court did not specify the findings regarding the adequacy of punishment and seriousness of the offense as required by R.C. 2929.20(J)(1)(a) and (b).

{¶21} In the case sub judice, the trial court noted multiple times that the juvenile's death was tragic and indicated it "still believes that [appellee] is guilty."  However, the court also observed that (1) the teens found the firearm in a gun cabinet that appellee typically locked, (2) appellee had instructed the juveniles not to touch the firearm, and (3) appellee did not remove the gun from the cabinet.  These facts supported the trial court's determination that appellee's conduct was less serious than some involuntary manslaughter convictions.

{¶22} Moreover, in its entry the trial court enumerated other facts related to the R.C. 2929.12 factors.  For example,

the court: (1) identified appellee's "drug use" (R.C. 2929.12(D)(4)), (2) noted that appellee had not been convicted of or pleaded guilty to a criminal offense (R.C. 2929.12(E)(2)), (3) observed that the offense was committed under circumstances not likely to recur due, in part, to the prohibition of firearm possession (R.C. 2929.12 (E)(4)), (4) noted that appellee responded favorably to sanctions, highlighting appellee's "programming while in prison," (R.C. 2929.12 (D)(3)), and (5) stated several times that appellee had shown genuine remorse for his actions (R.C. 2929.12(E)(5)).

{¶23} Therefore, we conclude that in the case at bar the trial court made the proper R.C. 2929.20(J)(1)(b) findings with an analysis of the relevant R.C. 2929.12 factors.

R.C. 2929.20(J)(2)

{¶24} Finally, the state asserts that pursuant to R.C. 2929.20(J)(2) the trial court failed to specify both the required findings and the R.C. 2929.12 factors. As we noted above, R.C. 2929.20(J)(2) provides: "A court that grants judicial release under division (J)(1) of this section to an offender who is under consideration as an eligible offender *shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing*." (Emphasis added.)

**{¶25}** Some appellate court decisions appear to require a strict interpretation of R.C. 2929.20(J)(2), as the state suggests.  For example, in *State v. Gilbert*, 12th Dist. Butler No. CA2022-02-021, 2022-Ohio-3387, the trial court articulated on the record the required R.C. 2929.20(J)(1)(a) and (b) findings, but did not list all factors described in that division presented at the judicial release hearing.  The Twelfth District held that, although the record showed that the parties presented evidence relating to the likelihood of recidivism and the seriousness of the defendant's conduct, "nowhere in the transcript of the judicial release hearing does the trial court specifically list the factors that were presented, as required by R.C. 2929.20(J)(2)."  *Id.* at ¶ 19.  Further, the court noted that, although the trial court's entry that granted judicial release provided an analysis of the applicable R.C. 2929.12 factors regarding the likelihood of recidivism and seriousness of conduct, "the court did not specifically list *all* the factors that were presented, as required by R.C. 2929.20(J)(2)." (Emphasis added).  *Id.*  *See also State v. Edwards*, 3d Dist. Marion No. 9-04-67, 2005-Ohio-2246, ¶ 5 ("trial court was required by statute to list all factors presented at the hearing").

**{¶26}** By comparison, in *State v. Kennedy*, 10th Dist. Franklin Nos. 22AP-534 and 22AP-536, 2023-Ohio-3078, in addition

to the findings required by R.C. 2929.20(J)(1) and (2), the trial court's entry stated, "[I]n considering the recidivism factors under R.C. 2929[.12](D) and (E), the Court finds [appellee] had not been adjudicated a delinquent child, had a single conviction for a misdemeanor of the fourth degree (M4), led a law-abiding life for a significant number of years prior to the offenses, and the offense occurred under circumstances not likely to recur." *Id.* at ¶ 38. The appellate court affirmed the grant of judicial release and concluded that the court made findings under both the seriousness and recidivism provisions in former R.C. 2929.20(J)(1)(a) and (b) with reference to relevant factors in R.C. 2929.12(B), (C), (D), and (E). *Id.*

{**¶27**} In the case sub judice, our review reveals that the trial court made the required R.C. 2929.20(J)(1)(a) and (b) findings. The court's entry provides "the court finds with reference to factors under section 2929.12 of the Revised Code," and the court went on to consider the factors referenced above. We conclude that, although the trial court may not have correlated specific findings to factors with great specificity, as in *Kennedy*, *supra,* the court in the case at bar made the appropriate R.C. 2929.20(J)(1)(a) and (b) findings and justified its findings with analysis of the relevant R.C. 2929.12 factors.

{**¶28**} Moreover, in determining a motion for judicial

release, "the trial court [is] authorized to look beyond the seriousness factors and the recidivism factors in determining whether to exercise its discretion in favor of judicial release." *State v. Ledford,* 2017-Ohio-149, 77 N.E.3d 479, ¶ 17 (12th Dist.), citing *State v. Grilliot*, 2d Dist. Darke No. 99CA1485, 1999 WL 812351, (Sept. 24, 1999), at *3. The *Ledford* court further found that the trial court is in the best position to assess whether the facts support the granting of judicial release pursuant to R.C. 2929.20. *Id.* at ¶ 19. Furthermore, a trial court has the discretion to determine the most effective way to comply with the purposes and principles of sentencing. *Id.*, citing *State v. Linz*, 12th Dist. Clermont No. CA2008-05-052, 2009-Ohio-1652, 2009 WL 903965, ¶ 14.

**{¶29}** After our review, we cannot conclude that the record does not support the trial court's R.C. 2929.20(J) findings, by clear and convincing evidence, when the court granted appellee's motion for judicial release. We believe that the trial court acted appropriately and conscientiously and satisfied the statutory requirements to grant a request for judicial release.

**{¶30}** Accordingly, for all of the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Platt*, 2024-Ohio-1331.]

JUDGMENT ENTRY


It is ordered that the judgment be affirmed. Appellant shall pay the costs herein taxed.


The Court finds there were reasonable grounds for this appeal.


It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.


A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court


BY:_____
                    Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.